## FINDINGS OF FACT.

Petitioner is a Georgia corporation engaged in the retail grocery business at Columbus. In its income-tax returns for the fiscal years ended June 30, 1920, and June 30, 1921, it deducted certain amounts for depreciation. On these tax returns the Commissioner disallowed a part of the deduction claimed for depreciation and computed depreciation at the rate of 5 per cent on the furniture and fixtures account and at the rate of 10 per cent on the Piggly Wiggly equipment account. He disallowed no deduction for obsolescence, since none was claimed in the return.

The equipment carried in the furniture and fixtures account was showcases, shelving, cash register, and such other equipment as usually goes with a retail grocery business. These fixtures were acquired all along from the year 1904 until the year 1913. The petitioner operates a number of Piggly Wiggly grocery stores. The first Piggly Wiggly equipment came into the possession of the company in the year 1917. This equipment was of substantially the same character as that carried in the furniture and fixtures account.

> *Judgment will be entered for the Commissioner.*

---

MARGUERITE T. WHITCOMB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5854.   Decided October 27, 1926.

*W. W. Spalding, Esq.*, for the petitioner.
*Thomas P. Dudley, Jr., Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for 1918 in the amount of $1,042.89. It was stipulated that the material facts in this case are the same as the facts set forth in the findings of fact in the *Appeal of Louise P. V. Whitcomb*, 4 B. T. A. 80.

### FINDINGS OF FACT.

The taxpayer is a nonresident alien and, during the taxable year here in question, resided in France. Taxpayer was the widow of Adolphe Whitcomb, deceased, son of A. C. Whitcomb.

A. C. Whitcomb, deceased, left a will, the seventh clause of which is as follows:

I give to my hereinafter named Executor Jerome Lincoln, of said San Francisco, all the rest of my property, real, personal or mixed, except what I may have in France, of every kind and nature, and not hereinbefore disposed of,

after the payment of my debts, in Trust, nevertheless, to pay over to my said wife, Louise Palmyre Vion Whitcomb, one third part of the interest thereof or income therefrom for and during her natural life, and the other two-thirds part to my two children born of her; one Adolphe born on or about the 23rd day of February 1880, and the other Charlotte Andree, born on or about the 4th day of December, 1882, with the reversion or remainder of the whole three third parts to the descendants per stirpes of the said two children, if any be alive at the time of the death of the said two children; and if none be alive at that time, to Harvard College in conformity with the provisions named or indicated in Section Six (6) of this will having reference to said Harvard College. * * *

The foregoing provision of the will has been judicially construed as providing to the widow, Louise Palmyre Vion Whitcomb, an estate for life in one-third of the income of the trust, an estate for life to each of the two children in one-third of the income of the trust continuing to the death of the survivor and, because of the death of Adolphe Whitcomb, an estate for the life of Charlotte A. W. Lepic, in the share of Adolphe to his widow and his two children, share and share alike.

The net income of the trust estate is distributable periodically to the beneficiaries and is so distributed.

In preparing the fiduciary returns of the trust estate for the years 1917 to 1920, inclusive, the trustee included therein the income of the estate for the respective years and deducted therefrom expenses, including interest, taxes, and also the allowance provided by the statute for exhaustion, wear and tear on account of the depreciable assets belonging to the trust. The difference between the gross income and deductions so made was shown on the fiduciary returns as the net income of the trust and as the aggregate distributable net income of the beneficiaries, the share and interest of each beneficiary being stated.

In preparing the income-tax returns of the beneficiaries of the trust for the years 1917 to 1920, inclusive, the trustee included therein as the distributive share of the net income of the trust of each of said beneficiaries, that proportion of the net income of the estate as shown by the fiduciary return which the interest of the beneficiary in the income bore to the total income, namely, one-third to Louise P. V. Whitcomb, one-third to Charlotte A. W. Lepic, and one-third of the remaining one-third to Marguerite T. Whitcomb.

The Commissioner, in auditing the fiduciary returns of the trust, allowed depreciation as a deduction in determining the net income of the trust for each of the years under consideration, but, in auditing the returns for the several years of each of said beneficiaries, determined the distributable net income applicable to each of them as the share of the net income of the trust to which she was entitled, excluding from the said computation the said deductions on account of

depreciation, so that, in determining the deficiencies here in issue, the Commissioner increased the net income of the said parties as reported by the trustee for the several years, in the amounts stated below:

Estate of Louise P. V. Whitcomb—By $8,158.32 for 1917; by $15,854.96 for 1918; by $13,779.43 for 1919; by $12,276.40 for 1920.

Charlotte A. W. Lepic—By $8,158.32 for 1917; by $15,854.96 for 1918; by $13,779.43 for 1919; by $12,276.40 for 1920.

Marguerite T. Whitcomb—By $4,593.14 for 1919; by $4,092.13 for 1920.

The Commissioner, in auditing the fiduciary return of the trust for 1918, allowed depreciation as a deduction in determining the net income of the trust for that year; but, in auditing the return of the petitioner for 1918, determined her distributable net income as the share of the net income of the trust to which she was entitled, excluding from said computation said deduction on account of depreciation, so that, in determining the deficiency here in issue, the Commissioner increased the net income of petitioner for 1918, as reported by the trustee, in the amount of $5,264.98, which resulted in the additional tax liability asserted in the notice of deficiency.

### OPINION.

TRAMMELL: The decision in this case is governed by the decision in the *Appeal of Louise P. V. Whitcomb*, 4 B. T. A. 80.

> *Judgment will be entered for the Commissioner.*

---

## W. B. THOMPSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 677. Decided October 27, 1926.

A taxpayer keeping his books of account on the basis of a fiscal year should file his first return under the Revenue Act of 1918, under section 226 of that Act.

*Isom J. Guillory, Esq.*, and *E. Barrett Prettyman, Esq.*, for the petitioner.

*J. Arthur Adams, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the period January 1 to August 31, 1918, in the amount of $16,322.10.

### FINDINGS OF FACT.

The taxpayer is engaged in business in New Orleans, La. His books of account were kept on the basis of the fiscal year ended