PENNSYLVANIA COMPANY FOR INSURANCE ON LIVES AND GRANTING ANNUITIES, TRUSTEE, ESTATE OF JOSHUA B. LIPPINCOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10442.   Promulgated February 1, 1928.

*J. H. Lamorelle, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

**OPINION.**

Love: The parties hereto are in agreement as to the March 1, 1913, value and the sale price of the property in question and as to the actual amount of depreciation sustained thereby. The petitioner, however, contends that the Commissioner erred by taking into consideration, in computing the gain derived from the sale of the property, the amount of depreciation sustained prior to the date of sale, no deductions therefor having been taken in any of its returns.

In support of this contention, it is urged that under the regulations promulgated by the Commissioner, the petitioner was denied the right to deduct amounts for depreciation of the trust property in question and that, consequently, it did not claim such deductions in any year from 1913 to the year of the sale. The petitioner concedes, however, that if the right to take such deductions existed, the Board's decision in *Even Realty Co.*, 1 B. T. A. 355, would sustain the Commissioner's action herein. The question, therefore, as to whether petitioner in years prior to the sale of the property had the right to take depreciation deductions is presented.

The Revenue Act of 1913 made no provision for taxing estates and simply provided that persons acting in a fiduciary capacity should make a return for those for whom they act. The provision of that Act is as follows:

Section II. D. * * * Guardians, trustees, executors, administrators, agents, receivers, conservators, and all persons, corporations, or associations acting in any fiduciary capacity, shall make and render a return of the net

income of the person for whom they act, subject to this tax, coming into their custody or control and management, and be subject to all the provisions of this section which apply to individuals * * *.

The language employed in the 1916 Act with respect to "trustees" is materially different. It is provided:

SEC. 2. (a) That, subject only to such exemptions and deductions as are hereinafter allowed, the net income of a taxable person shall include * * *

* * * * * * *

(b) Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or any kind of property held in trust * * * shall likewise be taxed, the tax in each instance * * * to be assessed to the executor, administrator, or trustee, as the case may be * * *.

This provision of the 1916 Act was construed in *Merchants' Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509, wherein it was held that a trustee was a " taxable person " and taxable as such.

Act of 1917:

SEC. 1204. (1) * * * (c) Guardians, trustees, executors, administrators, receivers, conservators, and all persons, corporations, or associations, acting in any fiduciary capacity, shall make and render a return of the income of the person, trust, or estate for whom or which they act, and be subject to all the provisions of this title which apply to individuals. * * *

Act of 1918:

SEC. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

* * * * * * *

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212 * * *.

It will be observed that in the 1913 Act a trustee was given authority in making the return for those for whom it acted, to compute the net income according to the provisions applicable to individuals. It will be further observed that in the Acts of 1916, 1917, and 1918, a trustee was given the authority to compute the net income of the trust in the same manner as an individual; in other words, the trustee was allowed the same deductions, with the exception of one deduction specified in the 1918 Act, and which is not here material, as an individual.

The Revenue Acts of 1913, 1916, 1917, and 1918, provided for a depreciation deduction in case of individuals. While the language employed in the various statutes is not identical, it is substantially the same. In all of the Acts an individual was given the right to deduct a reasonable allowance for exhaustion, wear and tear of property arising out of its use or employment in business.

The Commissioner's regulations interpreting the above-quoted provisions of the various statutes with respect to deductions by trustees are as follows:

The provision of the 1913 Act was interpreted in Treasury Decision 1943, February 4, 1914, wherein trustees were, by implication at least, authorized to deduct, *inter alia*, depreciation sustained on property held in trust. Treasury Decision 1943 was superseded by Treasury Decision 2267, promulgated November 5, 1915, which provided:

> In the case of a trust estate where the terms of the will or trust or the decree of a court of competent jurisdiction provides for keeping the corpus of the estate intact and where physical property forming a part of the corpus of each estate has suffered depreciation through its employment in business, this office will permit a deduction from gross income for the purpose of caring for this depreciation, when the deduction is applied or held by the fiduciary for making good such depreciation, no depreciation deduction will be permitted by fiduciaries otherwise than as here provided.

Substantially the same language appears in article 29, Regulations No. 33, Revised, interpreting the pertinent provisions of the 1916 and 1917 Acts. In other words, under those Acts, as interpreted by the Commissioner, a deduction for depreciation could be taken by the fiduciary only in case the trust instrument provided for keeping the corpus intact.

The provision of the 1918 Act, above quoted, was interpreted by the Commissioner in article 347, Regulations 45, as amended by Treasury Decision 2987, March 1, 1920, and retroactive to January 1, 1918. Article 347, as amended, is as follows:

> *Estates and trusts which can not be treated as a unit.*—In the case of certain estates and trusts it is recognized that the estate or trust can not be treated as a unit for income tax purposes and may represent an aggregate of distinct interests to all of which the fiduciaries are responsible; in such cases the procedure stated in this article should govern. The following are recognized as cases which can not be treated as a unit and must, therefore, be governed by this article: (*a*) When there is income distributable periodically and also income which is to be accumulated in trust, held for future distribution, or added to the corpus; (*b*) when there is income distributable periodically and also income (according to the Federal income tax statutes and regulations) which is not distributable periodically under State law, e. g., gains from sale of capital assets; (*c*) when there is income distributable periodically and deductions (according to Federal income tax statutes and regulations) which are not deductible under State law from the distributable income, e. g., losses from the sale of capital assets, depletion, depreciation.
>
> In ascertaining whether an estate or trust comes within any one of the cases just enumerated, the provisions of the Federal statutes and regulations— rather than the provisions of the will or trust and the provisions of State laws—shall determine what items constitute taxable gross income or allowable deductions; the provisions of the will or trust and of State laws shall determine the allocation of items of gross income or deduction; that is, to which of the

different interests making up the whole such items shall be charged or allowed. In cases which are to be treated under this article the items of gross income and deduction as determined by the Federal income tax statutes and regulations must be scrutinized and classified in accordance with the provisions of the will or trust or rules of local law into two classes, one subject to the procedure specified in subdivision (c) of section 219, and the other to the procedure specified in subdivision (d) of section 219. The result will be that the beneficiary to whom income is to be distributed periodically must include in computing his net income the amount actually distributable to him (exempt income) even though the aggregate of the distributive shares should be larger than the net income of the estate or trust computed as a unit. Any gain, profit, or income which is not periodically distributable, must be included in computing the net income of the estate or trust so that the fiduciary will pay the tax upon any excess of the net income of the estate or trust computed as a unit over the aggregate distributive shares.

For example, a trust is created the income of which is distributable periodically for the life of the beneficiary, the remainder over to others. The trust has the following items of income: Rent, $3,000; interest, $2,000; gain on sale of capital assets, $1,500; cash dividend, $1,000; and deductions, general expenses (all deductible from distributable income), $700; depreciation, $300; loss on sale of capital assets, $3,000. Under the terms of the trust $5,300 will be distributed to the beneficiary, viz, rent, $3,000; plus interest, $2,000; plus dividend, $1,000; less general expenses, $700. The gain and loss on the sale of capital assets will be considered capital items affecting the corpus only, and the items of depreciation will not affect the amount to be distributed, there being no rule of State law or provision of the trust requiring this deduction from distributable income. In such a case the fiduciary must report on form 1041 showing a net income for the trust of $3,500, and must show as the distributive share of the beneficiary the $5,300 to which he is entitled. The beneficiary must account for the amount actually distributable to him as income, viz, $5,300, as provided in section 219 (d) and will be entitled to a credit of $1,000 on account of the dividends in computing the normal tax, but not to any deduction on account of depreciation or capital losses.

If there had been no loss on the sale of capital assets so that the net income of the estate or trust was $6,500, form 1041 should show the distributive share of the beneficiary as $5,300, and the distributive share of the fiduciary as $1,200; and the fiduciary should file a separate return on form 1040 A, reporting $1,200 for taxation.

As above stated, the petitioner urges that under all of the Commissioner's regulations it was prohibited from taking deductions for depreciation of the property in question. The most casual examination of the above-quoted provisions of the pertinent regulations discloses that depreciation deductions were denied a trustee under the 1913, 1916, and 1917 Acts only where the trust instrument did not require the conservation of the corpus of the estate. Under the 1918 Act, depreciation deductions could be taken in determining the net income of the estate or trust. Article 347, Regulations 45, as amended, has been approved by us in *Louise P. V. Whitcomb et al.*, 4 B. T. A. 80. It is not necessary for us, however, to pass upon the validity of the prior regulations.

It appears that the petitioner did not claim the right to take deductions for depreciation of the trust property. It further appears that it assumed that the provisions of the regulations, above quoted, denied it the right to such deductions. The instrument creating the trust is not before us and we are unable to determine from the record the character of the limitations of the trust estate. Therefore, even if the regulations prior to the 1918 Act were valid, and we pass no opinion in regard thereto, the petitioner has failed to show that it was denied the right to depreciation deductions for the obvious reason that the trust instrument, for all we know, may have been of the kind and character described in the regulations under the Acts of 1913, 1916, and 1917, which would have entitled it to depreciation deductions under the circumstances therein set forth. Merely because petitioner did not claim deductions, it does not follow that the right under then existing regulations did not exist.

Having failed to show that the right to take depreciation deductions did not exist or that the Commissioner by his regulations or his action denied it such right, we must conclude that petitioner has failed to establish that the Commissioner's action in determining the profit realized from the sale of the property in question was erroneous.

We express no opinion, however, as to the effect, if any, the denial of the right to depreciation deductions would have on the Commissioner's right to take sustained depreciation into consideration in determining gain or loss on the sale of property.

> *Judgment will be entered for the respondent. The deficiency is redetermined in the amount of $6,906.69.*