MERCHANTS' LOAN & TRUST COMPANY, TRUSTEE OF ESTATE OF RYERSON, v. SMIET-ANKA, FORMERLY UNITED STATES COL-LECTOR OF INTERNAL REVENUE FOR THE FIRST DISTRICT OF THE STATE OF ILLINOIS.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 608.  Argued January 11, 12, 1921.—Decided March 28, 1921.

1. A provision in a will creating a trust that accretions of selling value shall be considered principal and not income, can not render them non-taxable under the income tax law.  P. 516.

2. A trustee, invested by will with full dominion over an estate, in trust to pay the net income to the testator's widow for life, and afterwards to use it for the benefit of his children and to pay over their shares as they reached a certain age, sold certain corporate stock, part of the original assets, for a price greater than their cash

value on March 1, 1913. *Held*, (no earlier value being involved) that the gain after March 1, 1913, was taxable as income, for the year when the sale was made, to the trustee as a "taxable person," under the Income Tax Law of September 8, 1916, as amended by the Law of October 3, 1917. P. 516. *Cf. Goodrich* v. *Edwards, post,* 527; *Walsh* v. *Brewster, post,* 536.

3. Income, within the meaning of the Sixteenth Amendment, the Income Tax Acts of 1913, 1916, 1917, and the Corporation Tax Act of 1909, is a gain derived from capital, from labor, or from both combined, including profit gained through sale or conversion of capital assets. P. 517. *Eisner* v. *Macomber*, 252 U. S. 189, 207.

4. It includes the gain from capital realized by a single, isolated sale of property held as an investment, as well as profits realized by sales in a business of buying and selling such property. P. 520. *Gray* v. *Darlington*, 15 Wall. 63, and *Lynch* v. *Turrish*, 247 U. S. 221, distinguished.

Affirmed.

THE case is stated in the opinion.

*Mr. Albert M. Kales,* with whom *Mr. Walter L. Fisher* was on the brief, for plaintiff in error:

Assuming that the Income Tax Act of 1916, as amended by the Act of 1917, attempted to tax as income the increase in value since March 1, 1913, or date of purchase subsequent to that time, of the stock and bonds in question upon the ascertainment of the increment of value by conversion or redemption, the act was in violation of the Constitution.

In accordance with the statement of this court in *Eisner* v. *Macomber*, 252 U. S. 189, 206, it is now settled that the mere increase in the value of capital assets, prior to any conversion or redemption, is not "income" within the meaning of the Sixteenth Amendment. *Gray* v. *Darlington*, 15 Wall. 63, 66; *Lynch* v. *Turrish*, 247 U. S. 221, 231.

The conversion by the trustee does not cause the increase in the value of capital assets to be "income," for the reason that the increase after the single isolated

event of conversion still remains capital just the same as it was before. The increase after conversion remained a mere "gain accruing to capital," or "a growth or increment of value in the investment." The change in form by the conversion does not make any change in substance. *Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179, 185; *Eisner* v. *Macomber, supra; Gibbons* v. *Mahon*, 136 U. S. 549; *Smith* v. *Hooper*, 95 Maryland, 16, 26–31; *Stewart* v. *Phelps*, 71 App. Div. 91, 96; affd. 173 N. Y. 621; *In re Armitage*, [1893] 3 Ch. 337; *Bulkeley* v. *Worthington Society*, 78 Connecticut, 526, 532. In the case of an increase in the value of bonds, it is believed to be universally recognized that the increase in value, ascertained on conversion or redemption, primarily belongs to the capital of the trust estate as between life tenant and remainderman. *Re Graham's Estate*, 198 Pa. St. 216; *Matter of Gerry*, 103 N. Y. 445; *Devenney* v. *Devenney*, 74 Oh. St. 96; *Whittingham* v. *Scofield's Trustee*, 67 S. W. Rep. 846.

The conversion and redemption in the case at bar do not cause the increase in the value of capital assets of the trust estate to be income because the gain or increase has not been "derived," that is, received or drawn by the recipient (the taxpayer) for his separate use, benefit and disposal. *Eisner* v. *Macomber, supra*, 207, 211, 214, 215.

In the case of a trustee who converts a capital asset which he has received by devise, there can be no profit or gain upon which to base any claim of income.

Even, however, where the legal and beneficial owner of capital assets sells them at a profit as a single isolated transaction (he not being in any sense in the business of buying and selling for profit) the gain is not income within the Sixteenth Amendment. *Eisner* v. *Macomber, supra; Gray* v. *Darlington, supra; Lynch* v. *Turrish, supra; Smith* v. *Hooper, supra;* Webster's New International Dictionary, tit. "Income," 4; Funk & Wagnall's New

Standard Dictionary, tit. "Income," 1; New English Dictionary, tit. "Income," 6; *Lynch* v. *Hornby,* 247 U. S. 339; *Peabody* v. *Eisner,* 247 U. S. 347; *Hays* v. *Gauley Mountain Coal Co.,* 247 U. S. 189; British Income Tax Act, 16 & 17 Vict. c. 34; *Tebrau (Johore) Rubber Syndicate* v. *Farmer,* 5 Inc. Tax Cas. 658; *The Hudson's Bay Co.* v. *Stevens,* 5 Inc. Tax Cas. 424; *The Assets Co.* v. *The Inland Revenue,* Cases in Court of Session, 4th series, vol. 24, p. 578; *Anderson* v. *Forty-two Broadway Co.,* 239 U. S. 69, 72.

*Gray* v. *Darlington, supra,* and *Lynch* v. *Turrish, supra,* are decisive that the act does not apply to any increase in the value of capital assets ascertained by conversion as a single isolated event. *Maryland Casualty Co.* v. *United States,* 251 U. S. 342; *Doyle* v. *Mitchell Brothers Co., supra; Hays* v. *Gauley Mountain Coal Co., supra; United States* v. *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.,* 247 U. S. 195.

The gains in the value of the capital assets of a legal and beneficial owner, ascertained by conversion as a single isolated event, are not taxable as income under § 2 (a) or (c).

The act in particular contains no provision for the taxation of any increase in value of the capital assets of a trust estate held for life tenant and remainderman ascertained on conversion as a single isolated event.

*The Solicitor General* for defendant in error:

Assuming that the act treats gains derived by an individual from the sale of property as taxable income, it clearly provides for a tax to be paid by a trustee under the facts of this case.

The act clearly treats as taxable income any gain which is derived from the sale of property; that is, the conversion of capital assets.

Gains derived from the conversion of capital assets constitute income which Congress may constitutionally

tax. *Eisner* v. *Macomber*, 252 U. S. 189, 206, 207; *Stratton's Independence* v. *Howbert*, 231 U. S. 399, 415; *Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179, 183, 185.

Ever since the passage of the Act of 1909, the administrative department of the Government has construed the word "income" as including profits derived from the conversion of capital assets. This construction was expressly approved by this court in 1918, and millions. of dollars of taxes have been collected both under the Act of 1909 and the subsequent income tax laws on that basis. *Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179, 185–188.

*Gray* v. *Darlington*, 15 Wall. 63, is not authority for the contention that profits derived from the sale of capital assets are not income. *Hays* v. *Gauley Mountain Coal Co.*, 247 U. S. 189, 191; *Lynch* v. *Turrish*, 247 U. S. 221, 227, 230; *Doyle* v. *Mitchell Brothers Co., supra; United States* v. *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.*, 247 U. S. 195; *Southern Pacific Co.* v. *Lowe*, 247 U. S. 330, 334; *Lynch* v. *Hornby*, 247 U. S. 339.

The fact that under the laws of most of the States gains derived from the profitable sale of capital assets are, as between life tenant and remainderman, treated as principal and not as income, can not operate to prevent such gains being income when clearly included in the definition of income as adopted by an act of Congress.

Neither is there any constitutional difficulty because Congress has seen fit to tax all of such gains in the year in which they are received.

When capital assets are converted into cash, and the original capital is withdrawn from the proceeds, the income remains segregated and subject to separate use. *Eisner* v. *Macomber, supra*, 211, 213.

The gains received by a trustee under a will by the profitable sale of capital assets purchased by the testator in his lifetime, are measured in precisely the same way

they would have been measured if the latter had lived and made the sale himself.

The question as to whether there is income in the sale of property at a loss as compared with its cost prior to 1913, but at an advance over its value on March 1, 1913, is not now involved.

MR. JUSTICE CLARKE delivered the opinion of the court.

A writ of error brings this case here for review of a judgment of the District Court of the United States for the Northern District of Illinois, sustaining a demurrer to a declaration in assumpsit to recover an assessment of taxes for the year 1917, made under warrant of the Income Tax Act of Congress, approved September 8, 1916, c. 463, 39 Stat. 756, as amended by the Act approved October 3, 1917, c. 63, 40 Stat. 300. Payment was made under protest and the claim to recover is based upon the contention that the fund taxed was not "income" within the scope of the Sixteenth Amendment to the Constitution of the United States and that the effect given by the lower court to the act of Congress cited renders it unconstitutional and void. This is sufficient to sustain the writ of error. *Towne* v. *Eisner*, 245 U. S. 418.

Arthur Ryerson died in 1912, and the plaintiff in error is trustee under his will, of property the net income of which was directed to be paid to his widow during her life and after her death to be used for the benefit of his children, or their representatives, until each child should arrive at twenty-five years of age, when each should receive his or her share of the trust fund.

The trustee was given the fullest possible dominion over the trust estate. It was made the final judge as to what "net income" of the estate should be, and its determination in this respect was made binding upon all parties interested therein, "except that it is my will that stock

dividends and accretions of selling values shall be considered principal and not income."

The widow and four children were living in 1917.

Among the assets which came to the custody of the trustee were 9,522 shares of the capital stock of Joseph T. Ryerson & Son, a corporation. It is averred that the cash value of these shares, on March 1, 1913, was $561,798, and that they were sold for $1,280,996.64, on February 2, 1917. The Commissioner of Internal Revenue treated the difference between the value of the stock on March 1, 1913, and the amount for which it was sold on February 2, 1917, as income for the year 1917, and upon that amount assessed the tax which was paid. No question is made as to the amount of the tax if the collection of it was lawful.

The ground of the protest, and the argument for the plaintiff in error here, is that the sum charged as "income" represented appreciation in the value of the capital assets of the estate which was not "income" within the meaning of the Sixteenth Amendment and therefore could not, constitutionally, be taxed, without apportionment, as required by § 2, cl. 3, and by § 9, cl. 4, of Article I of the Constitution of the United States.

It is first argued that the increase in value of the stock could not be lawfully taxed under the act of Congress because it was not income to the widow, for she did not receive it in 1917, and never can receive it, that it was not income in that year to the children for they did not then, and may never, receive it, and that it was not income to the trustee, not only because the will creating the trust required that "stock dividends and accretions of selling values shall be considered principal and not income," but also because in the "common understanding" the term "income" does not comprehend such a gain or profit as we have here, which it is contended is really an accretion to capital and therefore not constitutionally taxable under *Eisner* v. *Macomber*, 252 U. S. 189.

The provision of the will may be disregarded. It was not within the power of the testator to render the fund non-taxable.

Assuming for the present that there was constitutional power to tax such a gain or profit as is here involved, are the terms of the statute comprehensive enough to include it?

Section 2 (a) of the Act of September 8, 1916 (39 Stat. 757; 40 Stat. 300, 307, § 212), applicable to the case, defines the income of "a taxable person" as including "gains, profits and income derived from . . . sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in real or personal property, . . . or gains or profits and income derived from any source whatever."

Plainly the gain we are considering was derived from the sale of personal property, and, very certainly the comprehensive last clause "gains or profits and income derived from any source whatever," must also include it, if the trustee was a "taxable person" within the meaning of the act when the assessment was made.

That the trustee was such a "taxable person" is clear from § 1204 (1) (c) of the Act of October 3, 1917, c. 63, 40 Stat. 331, which requires that "trustees, executors . . . and all persons, corporations, or associations, acting in any fiduciary capacity, shall make and render a return of the income of the person, trust, or estate for whom or which they act, and be subject to all the provisions of this title which apply to individuals."

And § 2 (b) of the Act of September 8, 1916, *supra*, specifically declares that the "income received by estates of deceased persons during the period of administration or settlement of the estate, . . . or any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for

future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be."

Further, § 2 (c) clearly shows that it was the purpose of Congress to tax gains, derived from such a sale as we have here, in the manner in which this fund was assessed, by providing that "for the purpose of ascertaining the gain derived from the sale or other disposition of property, real, personal, or mixed, acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such gain derived."

Thus, it is the plainly expressed purpose of the act of Congress to treat such a trustee as we have here as a "taxable person" and for the purposes of the act to deal with the income received for others precisely as if the beneficiaries had received it in person.

There remains the question, strenuously argued, whether this gain in four years of over $700,000 on an investment of about $500,000 is "income" within the meaning of the Sixteenth Amendment to the Constitution of the United States.

The question is one of definition and the answer to it may be found in recent decisions of this court.

The Corporation Excise Tax Act of August 5, 1909, c. 6, 36 Stat. 11, 112, was not an income tax law, but a definition of the word "income" was so necessary in its administration that in an early case it was formulated as "the gain derived from capital, from labor, or from both combined." *Stratton's Independence* v. *Howbert*, 231 U. S. 399, 415.

This definition, frequently approved by this court, received an addition, in its latest income tax decision, which

is especially significant in its application to such a case as we have here, so that it now reads: "'Income may be defined as the gain derived from capital, from labor, or from both combined,' *provided it be understood to include profit gained through a sale or conversion of capital assets.*" *Eisner* v. *Macomber*, 252 U. S. 189, 207.

The use made of this definition of "income" in the decision of cases arising under the Corporation Excise Tax Act of August 5, 1909, and under the Income Tax Acts is, we think, decisive of the case before us. Thus, in two cases arising under the Corporation Excise Tax Act:

In *Hays* v. *Gauley Mountain Coal Co.*, 247 U. S. 189, a coal company, without corporate authority to trade in stocks, purchased shares in another coal mining company in 1902, which it sold in 1911, realizing a profit of $210,000. Over the same objection made in this case, that the fund was merely converted capital, this court held that so much of the profit upon the sale of the stock as accrued subsequent to the effective date of the act was properly treated as income received during 1911, in assessing the tax for that year.

In *United States* v. *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.*, 247 U. S. 195, a railroad company purchased shares of stock in another railroad company in 1900 which it sold in 1909, realizing a profit of $814,000. Here, again, over the same objection, this court held that the part of the profit which accrued subsequent to the effective date of the act was properly treated as income received during the year 1909 for the purposes of the act.

Thus, from the price realized from the sale of stock by two investors, as distinguished from dealers, and from a single transaction as distinguished from a course of business, the value of the stock on the effective date of the tax act was deducted and the resulting gain was treated by this court as "income" by which the tax was measured.

It is obvious that these decisions in principle rule the

case at bar if the word "income" has the same meaning in the Income Tax Act of 1913 that it had in the Corporation Excise Tax Act of 1909, and that it has the same scope of meaning was in effect decided in *Southern Pacific Co.* v. *Lowe*, 247 U. S. 330, 335; where it was assumed for the purposes of decision that there was no difference in its meaning as used in the Act of 1909 and in the Income Tax Act of 1913. There can be no doubt that the word must be given the same meaning and content in the Income Tax Acts of 1916 and 1917 that it had in the Act of 1913. When to this we add that in *Eisner* v. *Macomber, supra,* a case arising under the same Income Tax Act of 1916 which is here involved, the definition of "income" which was applied was adopted from *Stratton's Independence* v. *Howbert, supra,* arising under the Corporation Excise Tax Act of 1909, with the addition that it should include "profit gained through a sale or conversion of capital assets," there would seem to be no room to doubt that the word must be given the same meaning in all of the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act and that what that meaning is has now become definitely settled by decisions of this court.

In determining the definition of the word "income" thus arrived at, this court has consistently refused to enter into the refinements of lexicographers or economists and has approved, in the definitions quoted, what it believed to be the commonly understood meaning of the term which must have been in the minds of the people when they adopted the Sixteenth Amendment to the Constitution. *Doyle* v. *Mitchell Brothers Co.,* 247 U. S. 179, 185; *Eisner* v. *Macomber,* 252 U. S. 189, 206, 207. Notwithstanding the full argument heard in this case and in the series of cases now under consideration we continue entirely satisfied with that definition, and, since the fund here taxed was the amount realized from the sale of the stock in 1917, less the capital investment

as determined by the trustee as of March 1, 1913, it is palpable that it was a "gain or profit" "produced by" or "derived from" that investment, and that it "proceeded," and was "severed" or rendered severable, from it, by the sale for cash, and thereby became that "realized gain" which has been repeatedly declared to be taxable income within the meaning of the constitutional amendment and the acts of Congress. *Doyle* v. *Mitchell Brothers Co.*, and *Eisner* v. *Macomber, supra*.

. It is elaborately argued in this case, in No. 609, *Eldorado Coal & Mining Co.* v. *Mager, post*, 522, submitted with it, and in other cases since argued, that the word "income" as used in the Sixteenth Amendment and in the Income Tax Act we are considering does not include the gain from capital realized by a single isolated sale of property but that only the profits realized from sales by one engaged in buying and selling as a business—a merchant, a real estate agent, or broker—constitute income which may be taxed.

It is sufficient to say of this contention, that no such distinction was recognized in the Civil War Income Tax Act of 1867, c. 169, 14 Stat. 471, 478, or in the Act of 1894, c. 349, 28 Stat. 509, 553, declared unconstitutional on an unrelated ground; that it was not recognized in determining income under the Excise Tax Act of 1909, as the cases cited, *supra*, show; that it is not to be found, in terms, in any of the income tax provisions of the Internal Revenue Acts of 1913, 1916, 1917 or 1919; that the definition of the word "income" as used in the Sixteenth Amendment, which has been developed by this court, does not recognize any such distinction; that in departmental practice, for now seven years, such a rule has not been applied; and that there is no essential difference in the nature of the transaction or in the relation of the profit to the capital involved, whether the sale or conversion be a single, isolated transaction or one of many.

The interesting and ingenious argument, which is earnestly pressed upon us, that this distinction is so fundamental and obvious that it must be assumed to be a part of the "general understanding" of the meaning of the word "income" fails to convince us that a construction should be adopted which would, in a large measure, defeat the purpose of the Amendment.

The opinions of the courts in dealing with the rights of life tenants and remaindermen in gains derived from invested capital, especially in dividends paid by corporations, are of little value in determining such a question as we have here, influenced as such decisions are by the terms of the instruments creating the trusts involved and by the various rules adopted in the various jurisdictions for attaining results thought to be equitable. Here the trustee, acting within its powers, sold the stock, as it might have sold a building, and realized a profit of $700,000, which at once became assets in its possession free for any disposition within the scope of the trust but for the purposes of taxation to be treated as if the trustee were the sole owner.

*Gray* v. *Darlington*, 15 Wall. 63, much relied upon in argument, was sufficiently distinguished from cases such as we have here in *Hays* v. *Gauley Mountain Coal Co.*, 247 U. S. 189, 191. The differences in the statutes involved render inapplicable the expressions in the opinion in that case (not necessary to the decision of it) as to distinctions between income and increase of capital.

In *Lynch* v. *Turrish*, 247 U. S. 221, also much relied upon, it is expressly stated that, "according to the fact admitted, there was no increase after that date [March 1, 1913] and therefore no increase subject to the law." For this reason the questions here discussed and decided were not there presented.

The British income tax decisions are interpretations of statutes so wholly different in their wording from the

acts of Congress which we are considering that they are quite without value in arriving at the construction of the laws here involved.

Another assessment on a small gain realized upon a purchase, made in 1914, of bonds which were duly called for redemption and paid in 1917, does not present any questions other than those which we have discussed and therefore it does not call for separate consideration.

The judgment of the District Court is

*Affirmed.*

MR. JUSTICE HOLMES and MR. JUSTICE BRANDEIS, because of prior decisions of the court, concur only in the judgment.