Hat, Judge,
delivered the opinion of the court.
This is a suit brought by the plaintiff to recover from the United States the sum of $55,153.89 as revised tax levied on the sum of $97,947.28, being the proceeds of two life insurance policies paid to the plaintiff on the death of its president, Robert Biddle, 2d, whose life had been insured by the plaintiff for its benefit.
It is admitted that Robert Biddle, 2d, the president of the plaintiff company, was the managing head of the company; that he was a business man of ability, energy, and initiative, and by reason of his business ability and ttíe confidence which he inspired in those with whom he came in contact in his business, he was a valuable asset to the plaintiff com *347 pany. His activities in the business produced returns from the business which before his management of the company it had not earned. The death of such an executive head of the business would necessarily cause the company loss in income and in efficiency, and such loss and want of efficiency would continue until a president could be found who could take the place of the deceased president. It was the part of prudence in the plaintiff company to anticipate the possible loss which it might incur by insuring for its benefit the life of its president, and this it did by having Robert Biddle, 2d, take out two life insurance policies amounting to $100,000 payable to the plaintiff company, and upon which the company paid the premiums. This action on the part of the plaintiff company was of the same character which causes prudent men to insure against loss by fire or against any other casualty which may overtake men engaged in business. Such being the character of the transaction, upon the death of Robert Biddle, 2d, do the proceeds of the insurance policies become taxable under the provisions of the revenue act of 1918, or are these proceeds to be regarded as indemnity for the loss incurred by the plaintiff company by reason of his death ? If the latter, then the company should have not been required to pay the tax.
The revenue act of 1918 treated individuals separately from corporations, and the tax is levied separately, yet in defining the “ gross income ” for corporations section 233 of the act provides:
“ That in the case of a corporation subject to the tax imposed by section 230 the term ‘ gross income ’ means the gross income as defined in section 218.”
Section 213 reads as follows:
“ That for the purposes of this title (except as otherwise provided in section 233) the term gross income ’—
“(a) Includes gains, profits, and income derived from salaries,- wages, or compensation for personal service (including in the case of the President of the United States, the judges of the Supreme and inferior courts of the United States, and all other officers and employees, whether elected or appointed, of the United States, Alaska, Hawaii, or any political subdivision thereof, or the District of Columbia, the compensation received as such), of whatever kind and in *348 whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent,, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period; but—
“(b) Does not include the following items, which shall be exempt from taxation under this title: (1) The proceeds of life insurance policies paid upon the death of the insured to individual beneficiaries or to the estate of the insured.” (Act of February 24,1919, 40 Stat. 1057,1065.)
It will be observed that no mention was made of the proceeds of life insurance in that part of the act dealing with corporations. The fact that in that part of the act dealing with individuals mention was made specifically of proceeds of life insurance can hardly be used to carry the implication that such proceeds must be regarded as income when they are received by corporations. It would be more logical to imply that as the act declared the proceeds of policies of life insur-anace was not income in the case of individuals the same definition of income applied in the case of corporations, and as the act had defined what income was in one case it was not necessary to define it in the other. Especially is this true when it is remembered that the definition of “ gross income ” is the same in both cases, and in construing the act with reference to the proceeds of insurance policies, whether individual or corporate, it would not be a strained construction to say that as the definition of “ gross income ” is the same in both cases the item of proceeds of insurance policies excluded in the one case is also excluded in the other — that it is not in fact an exemption but a definition of what is and what is not income within the meaning of the act, and to clinch the matter the revenue act of 1921 makes no distinction between individual and corporation life insurance policies.
Section 213 of that act now reads: “(b) Does not include the following items, which shall be exempt from taxation *349 under tbis title: (1) The proceeds of life insurance policies paid upon the death of the assured ”; and consequently the Commissioner of Internal Revenue now holds that such proceeds paid to corporations are not taxable as income. (Reg. 62, art. 541,1922.) It is thus seen that while it was held that .such proceeds were taxable as income because they were not included under the provisions dealing with corporation^ in the act of 1918, yet they are now held not to be taxable as income notwithstanding the fact that the provisions of the ■act of 1921 dealing with corporations do not mention pro-needs of life insurance; but because the words “ to individual beneficiaries or the estate of the insured ” are left out of the act of 1921 it is now held that the proceeds of life insurance policies are not income, although the provision is included under the provisions dealing with individuals. It would seem that if the proceeds of life insurance were taxable as income under the one act they would be taxable under the other, but a fair construction of the act of 1918 would seem to be that the proceeds of life insurance are not taxable as income whether the beneficiaries are individuals or corporations. And this construction is fortified by the action of Congress in the act of 1921 by eliminating the words “ individual beneficiaries.” The inference is clear that the intention of Congress was not to tax as income the proceeds of life insurance policies irrespective of the status of the beneficiary, whether individual or corporate.
We do not think Congress intended to tax the proceeds of life insurance policies as income, because such proceeds are not income in the accepted meaning of that word.
The word “ income ” means the gain which accrues from property, labor, or business. And the Supreme Court of the "United States in the case of Merchants Loan & Trust Co. v. Smietanka, 255 U. S. 509, 518, has defined the meaning of the word “ income ” as follows: “ Income may be defined as the gain derived from capital, from labor, or from both combined, provided it be understood to include profit gained through a sale or conversion of capital assets.”
It can not be said that the proceeds of life insurance policies come within the meaning of the above definition. It .seems to us that in this case the contract of insurance was a *350 contract to indemnify the plaintiff for the loss which it would incur by reason of the death of its president. The plaintiff company did not invest money with any expectation that it would receive a return from it. On the contrary, the money which it expended in paying the premiums on the policies might very well never have been returned to it; the probabilities were that the money would not have been returned, because the person insured had a much greater expectation of life than five years, the term of the policy. The money so paid out can not be considered an investment from which the company could expect an income.
The plaintiff is entitled to judgment in the sum of $55,-153.89, with interest at the rate of 6 per cent per annum from January 8,1921, amounting to $7,712.34, in all the sum of $62,866.23. It is so ordered.
Graham, Judge; Dowhey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.