SiNNOtt, Judge,
delivered the opinion of the court:
On July 24, 1926, plaintiff brought this action against the defendant, for the use of James Clark and John Keating, to recover the sum of $61,253.92 paid as additional income and profits taxes for the year 1918. After the commencement of action John Keating died and, by oi’der of the court, his executor, Safe Deposit & Trust Company of Baltimore, a corporation, was substituted as plaintiff.
Plaintiff was for years engaged in the business of manufacturing and selling whiskey. Until May, 1921, James Clark and John Keating were the sole stockholders of the plaintiff company, each owning one-half of the capital stock. In May, 1921, plaintiff distributed its assets to its two stockholders, on condition that they would indemnify plaintiff against loss in connection with Federal taxes, and thereafter Clark and Keating sold all the capital stock.
Plaintiff carried its unsold manufactured product on its books at cost. However, in the year 1919, after the passage of the revenue act of 1918 (40 Stat. 1057), plaintiff changed its inventories for the calendar year 1918, substituting market value for cost value — the former being higher than the latter — and made its tax return for 1918 in accordance with the altered inventories. Also it filed adjusted returns for 1917 and prior years. The Commissioner of Internal Eeve-nue never gave plaintiff permission to use for inventory purposes any other basis than cost. Of the taxes paid by plaintiff, the sum sued for herein, $61,253.92, resulted from the action of the Commissioner of Internal Eevenue in computing plaintiff’s inventories at cost instead of at market value.
*733 Plaintiff filed with the collector of internal revenue a claim in the name of the plaintiff for the use of James Clark and John Keating for refund of said sum of $61,253.92, being the amount of income and profits taxes for the year 1918, exacted from and paid by plaintiff as a result of computing such taxes on the basis of cost instead of inventory value at market. Said claim for refund was disallowed by the Commissioner of Internal Revenue, July 9, 1925.
The following are the pertinent sections of the revenue act of 1918 (40 Stat. 1057) :
“ Sec. 213. That for the purposes of this title (except as otherwise provided in section 233) the term ‘ gross income ’—
“ (a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer * *
“ Sec. 202. (a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property real, personal, or'mixed, the basis shall be—
“(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and
“ (2) In the case of property acquired on or after that date, the cost thereof; or the inventory value, if the inventory is made in accordance with Section 203.
“ Sec. 203. That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.”
The Treasury Department promulgated regulations from time to time presenting methods to which inventories must *734 conform for tax purposes. All of them contained substantially the same provisions, requiring inventories to be taken or valued “ either (a) at cost or (5) at cost or market price, whichever is lower,” except the Treasury Decision 3296, promulgated March 3, 1922, permitted dealers in securities to value the inventories “ either (a) at cost or (5) at cost or market, whichever is lower, or (c) at market value.” See Treasury Decision 2609, December 19, 1917; Treasury Decision 2690, January 2, 1918; Treasury Decision 2831, April 16, 1919; Treasury Decision 3108, December 30, 1919; Treasury Decision 3296, March 3, 192-2.
Prior to February 24, 1919, the effective date of the revenue act of 1918 (40 Stat. 1057), plaintiff carried a stock of whiskey on its books at cost. During the years 1917 and 1918 the market price of whiskey greatly increased in value, due to increased cost, war-time prohibition of its manufacture, and the approach of general prohibition, so that whiskey manufactured in 1913, 1914, 1915, and 1916, although carried on the plaintiff’s books at cost, was worth considerably more at market price from January 1,1917, and reached a still higher valuation on January 1,1918, and was sold during 1918 for a still higher figure.
The result of the ownership of the whiskey throughout the entire period of six years from 1913 to 1918, inclusive, was that the plaintiff received on the sales made in 1918 a profit which was the result of a gradual increase in value covering the whole period.
Plaintiff’s position is that, on being compelled to pay the taxes in dispute, its capital has been confiscated under the guise of taxing income. This position is negatived by the language of the statute, section 213, supra, which provides that gains, profits, and income shall be included in the gross income for the taxable year in which received by the taxpayer.
Plaintiff’s contention is answered in the cases of Merchants Loan & Trust Co. v. Smietanka, 255 U. S. 509, and Goodrich v. Edwards, 255 U. S. 527. In the Smietamka case the property in question increased in value from $561,798 on March 1, 1913, to $1,280,996.64 on February 2, 1917. In *735 tbe Edwards case the property had increased in value from $695 on March 1, 1918, to $13,931.22 in March, 1916. In both of these cases the Supreme Court held that the appreciation in valúe was income and taxable when converted into money. The Smietanka and Edwards cases, supra, involve the revenue act of 1916, containing language practically identical with section 213, supra, of the act of 1918. The language is quoted in this Smietanka case, page 516:
“ Section 2(a) of the Act of September 8, 1916 (39 Stat. 757; 40 Stat. 300, 307, § 212), applicable to the case, defines the income of ‘ a taxable person ’ as including ‘ gains, profits and income derived from . . . sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in real or personal property, . . . or gains or profits and income derived from any source whatever.’ ”
Plaintiff avoids the force of the Smietanka and Edwards cases by contending that section 202 (a). (2), supra, of the revenue act of 1918—
“ * * * Expressly authorized the use, at the taxpayer’s option, of ‘inventory value,’ i. e., market value, instead of ‘ cost,’ as the ‘ basis ’ for ‘ ascertaining the gain derived ’ from sales.”
If this were the case it would render nugatory the language of section 203, supra:
“ * * * Inventories shall be taken by such taxpayer upon such basis as the commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.”
We think that section 202 (a) (2) must be read in connection with section 203, supra, and when so read it is apparent that both the use and the basis of inventories were matters left to the administrative discretion of the commissioner.
We have decided this day that the basis of inventories was specially confided by Congress to the commissioner and Secretary. (Riverside Mfg. Co. v. United States, No. F-324.)[1] Our opinion is further strengthened by the quotation in defendant’s brief from the House report on the reve *736 nue bill for 1918 (Rept. No. 767, 65th Cong., 2d sess., p. 4) as follows:
“ BASIS FOE DETERMINING GAIN OE LOSS
“ In determining gain or loss from the sale or disposition of property, real, personal, or mixed, the bill provides that the basis shall be as follows:
“ In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and in the case of property acquired on or after that date, (1) the cost thereof, or (2) the inventory value, if the inventory is made in accordance with the rules and regulations to be prescribed by the Commissioner of Internal Revenue in order that the inventory may clearly reflect the income.
“ INVENTORY
“ In many cases the only way that the net income can be determined is through the proper use of inventories. This is largely true in the case of manufacturing and merchandise concerns. The bill authorizes the commissioner to require inventories whenever in his opinion the same is necessary in order clearly to reflect the income of the taxpayer.”
In connection with the different regulations of the Treasury Department referred to above, requiring inventories to be taken “Either (a) at cost or (5) at cost or market price, whichever is lower,” it is significant that in each succeeding revenue act, since 1918, Congress has reenacted, without change, the provisions of section 203 of the revenue act of 1918. (See sec. 203 of the revenue act of 1921, 42 Stat. 227; sec. 205 of the revenue act of 1924, 43 Stat. 253; sec. 205 of the revenue act of 1926, 44 Stat. 9; sec. 22 (c) of the revenue act of 1928, approved May 29, 1928.) It has been held that where a statute has been construed by the executive departments of the Government and has been reenacted without change, that such reenactment is an adoption of such construction by Congress:
“It is a familiar and well-established rule that where a statute that has been construed by the courts has been reenacted in the same or substantially the same terms, the Legislature is presumed to have been familiar with its construction and to have adopted it as a part of the law unless a different *737 intention is indicated. And the same principle is applied to statutes and parts of statutes which have been reenacted after they have been construed by the executive departments •of the Government.” (Edwards, Collector, v. Wabash Ry. Co., 264 Fed. 610.)
We conclude that the commissioner was correct in rejecting the claim for the refund. The petition will be dismissed. It is so ordered and adjudged.
Greek, Judge; Moss, Judge/ Graham, Judge/ and Booth, tChief Justice, concur.

 To be reported in next volume.