LLOYD D. NEWMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ANNA N. REBADOW, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LLOYD D. NEWMAN, ANNA N. REBADOW, AND S. FAY CARR, EXECUTORS UNDER THE WILL OF LOUIS NEWMAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LILLIAN D. NEWMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 15936, 15937, 15939, 15940.   Promulgated February 12, 1929.

*Edward N. Mills, Esq.*, for the petitioners.
*A. H. Fast, Esq.*, for the respondent.

372

OPINION.

SMITH: Section 219 (d) of the Revenue Act of 1918 provides in part:

* * * There shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust * * *.

Section 219 (d) of the Revenue Act of 1921 provides in part:

* * * There shall be included in computing the net income of each beneficiary that part of the income of the estate or trust * * * which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not * * *

The first question for our consideration is the amount of the net income of the trust funds which, under the provisions of the instruments creating the trusts, is distributable to the beneficiaries. The petitioners contend that only the excess of the income from interest and dividends over losses on sales of securities and operating expenses of the trusts is the income distributable to the beneficiaries. The respondent, on the other hand, takes the view that the entire income of the trust funds before the deduction of any losses on the sales of securities is distributable to the beneficiaries.

For the purpose of determining the question of the distributable income of the trusts a friendly suit was instituted before the Supreme Court of Erie County, Buffalo, N. Y., in 1926, in which Lloyd Newman and Anna Newman Rebadow were plaintiffs and Louis Newman, as trustee, was defendant. At the hearing of the proceeding it was stated to the court that the action was a friendly one and that the parties were asking for a declaratory judgment interpreting a certain trust instrument; that the parties were aligned as plaintiff and defendant merely for the purpose of the suit and that there was no real controversy between them.

The agreed statement of facts filed in the court provided in part:

III. That the defendant [Louis Newman] in computing the income payable to plaintiffs [Lloyd D. Newman and Anna N. Rebadow] under the foregoing agreement of trust and amendment thereto has, since the commencement thereof, deducted all losses however sustained from the ordinary income of the said trust fund and has thereby kept the corpus of said trust estate intact and has paid to plaintiffs only the net income after deducting such corpus losses.

IV. That plaintiffs have at all times accepted the net income as hereinbefore found and have acquiesced in the interpretation of said trust agreement and amendment thereto by the defendant and have received each year the net income after deducting corpus losses from the operation of said trust, without objection, and have consented thereto.

V. That the plaintiffs are entitled to a judgment determining, construing and declaring the legal rights and relations of the parties hereto with respect to the trust agreement dated April 15th, 1918, as amended by the trust agreement dated December 31st, 1918, alleged herein.

Upon such agreed statement of facts the court decided on June 14, 1927:

I. That under the trust agreement dated the 15th day of April 1918, made by and between Louis Newman, Lillian D. Newman, Lloyd Newman, and Anna Newman Rebadow, and the amendment thereto dated December 31st, 1918, the

defendant, Louis Newman, is required to compute and pay over the income of the said trust to the plaintiffs, Lloyd Newman and Anna Newman Rebadow, beneficiaries therein named, after deducting the cost of operation and losses from the gross income, the balance so distributable as herein found being the net income from said trust.

II. That the defendant, Louis Newman, under and by said trust agreement dated April 15, 1918 and the amendment thereto dated December 31, 1918 is required to keep the principal or corpus of said trust fund intact by the addition thereto of sufficient gains to make good any and all deficiency occasioned by losses of such principal before the plaintiffs are entitled to receive any profit or income from said trust estate.

III. That the plaintiffs, Lloyd Newman and Anna Newman Rebadow, have received in each year from the defendant, Louis Newman, as trustee under the said trust, all the income to which they are entitled under said trust agreement and amendment thereto.

In the construction of a trust the purpose and intent of the parties must control, this being determined from the terms of the instrument itself if it be plain and unambiguous. But where the instrument is indefinite or inconsistent the court can look at the declarations of the donor and consider the surrounding circumstances in determining just what the intention of the donor was.

The evidence in the instant proceeding all goes to show that the donors, as well as the trustees and beneficiaries, understood that the capital losses from the sale of securities were to be deducted from income before any income was distributable to the beneficiaries and that the trustee was to withhold income from the beneficiaries until capital losses had been made good. The books of account of the trusts have been kept upon the basis of such an understanding. In the construction of a trust instrument all of the facts must be considered. *William E. Scripps*, 1 B. T. A. 491. "The intention of the statute is to let the tax be imposed in accordance with what actually transpired." *Mary L. Barton, Trustee*, 5 B. T. A. 1008.

The Revenue Acts of 1918 and 1921 do not attempt to tax beneficiaries upon income from trust estates which has not been received by such beneficiaries or which may not be received by them. It is only the income properly distributable in accordance with the terms of the trust agreements which is taxable to the beneficiaries. *Irwin* v. *Gavit*, 268 U. S. 161; *Codman* v. *Miles*, 28 Fed. (2d) 823.

We can not doubt that under the terms of the instruments creating the trusts involved in these proceedings and under the construction placed thereon by all parties concerned, the distributable income of each trust is the net income obtained by deducting from the gross income expenses of administering the trusts and losses upon the sales of securities. The petitioners must be and are sustained in their contentions upon this point.

The assignment of error contained in each petition involved in these proceedings requires that we consider the merit of the contention of the petitioners that they are entitled to deduct from gross income in their individual returns net losses sustained by the trusts from which ·they receive income. For instance, in the return of Louis Newman for 1921, the taxpayer claimed the right to deduct from gross income received from many sources a net loss of the Lillian D. Newman Children's Trust under which he was entitled to receive for life the income of the fund. The deduction of such net loss was disallowed by the respondent. The petitioners claim the right to deduct the loss.

In *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428, the Circuit Court held that the life beneficiary of the income of the trust estate was taxable on the income actually received by or distributable to him, without deduction for losses to the capital of the estate incurred during the year. The court citing *Merchants Loan & Trust Co.* v. *Smietanka,* 255 U. S. 509, emphasized the fact that " the fiduciary and the beneficiary are separate taxable persons."

In *Louise P. V. Whitcomb*, 4 B. T. A. 80; affd., *Whitcomb* v. *Blair*, 25 Fed. (2d) 528, it was held that a life tenant receiving her share of net distributive income under a testamentary trust was not entitled under the Revenue Act of 1918 to deduct from taxable income an allowance for exhaustion and wear and tear of depreciable assets of the estate, on the ground that it represented· a distribution of capital, since capital losses fall on reversioners or remaindermen, and payment to the life tenant therefor consisted in no part of capital depreciation restored to her, notwithstanding that the trustee was entitled to enter deductions for capital losses in his return for the trust estate as a single entity. To the same effect see *Elizabeth M. Abell et al.*, 4 B. T. A. 87; *Abell* v. *Tait*, 30 Fed. (2d) 54; and *Arthur H. Fleming et al.*, 6 B. T. A. 900, and cases therein cited. See also *Mary Roxburghe* v. *United States*, 64 Ct. Cls. 223, and *Codman* v. *Miles, supra.*

A reading of the relevant provisions of the trust instruments herein involved does not convey any idea that the capital losses are chargeable against the beneficiaries. At most, such losses are deductible only from the gross income of the trust sustaining such losses. The disallowance by the respondent of the deduction of the capital losses of the trust estates on the individual returns of the petitioners is sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN concurs in the result.