## HARTFORD–CONNECTICUT TRUST CO. v. EATON, Internal Revenue Collector.

### No. 3295.

District Court, D. Connecticut.

April 11, 1930.

Benedict M. Holden, of Hartford, Conn., for plaintiff.

John Buckley, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and H. B. Hunt, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

BURROWS, District Judge.

This matter comes before the court on a demurrer to the complaint at law, to recover the sum of $2,329.57, paid as income taxes by the plaintiff, under protest, for the taxable year 1924.

John J. Corning, the testator, domiciled in Connecticut, made a will in which, in the 19th paragraph, he left the residuum of his estate to a trust company, to which the plaintiff succeeded, in trust, and provided for the payment of an annuity of $5,000 to Mrs. Mastick; and the entire income, subject to the payment of said annuity, to his wife, and, after her decease, said trust fund to be held as a perpetual fund; the entire net income therefrom to be divided between four beneficiaries, which it is conceded are either religious, charitable, or benevolent institutions. Mrs. Corning died in 1922. Mrs. Mastick is, or was in 1924, living.

In the year 1924, the plaintiff sold securities of said trust fund at a profit of $29,-531.10, and it is alleged and admitted that said sum was added to the corpus of the estate and not distributed as income of the trust to any of the beneficiaries named in the will. It is further alleged and admitted that the value of the trust estate when received by the plaintiff was the sum of $1,037,715.80, and that the income from said trust fund for the years 1921 to 1927, inclusive, ranged from approximately $70,000 to $120,000.

To the complaint the defendant enters a demurrer, on the grounds that it does not state facts sufficient to constitute a cause of action; that it fails to allege or show that any definite sum or sums were set out to these four institutions; that it fails to allege that there was any certainty that the bequests to said institutions would ever take effect; and that the facts stated in the complaint fail to come within the provisions of section 219(b) (1) and section 214(a), paragraph 10 of the Revenue Act of 1924 (26 USCA § 960, note and § 955(a)(10); that said complaint fails to allege or show that any sum or sums were unconditionally set out to said institutions as required by said sections of the Revenue Act of 1924, inasmuch as the corpus of the estate is subject to the payment of a $5,000 annuity to Mrs. Mastick.

The question is as to whether said sum of $29,531.10 is an allowable deduction from the gross income of the trust estate, under the provisions of section 219(b)(1), of the Revenue Act of 1924 (26 USCA § 960, note), which, pursuant to the terms of the will, is permanently set aside exclusively for, or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes. Said section 219(b)(1) (26 USCA § 960, note) provides: "There shall be allowed as a deduction * * * *any part of the gross income,* without limitation, which pursuant to the terms of the will * * * * creating the trust, is during *the taxable year* paid or permanently set aside for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 955, or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes. * * * *"

The principle set forth in Hartford-Connecticut Trust Co. v. Eaton, Collector (Sumner Fund), 36 F.(2d) 710 (C. C. A. Second Circuit), is decisive of the question whether or not the income to these institutions is going to be taxed simply because there is a life annuity which, by the barest possibility, might for its payment invade the principal of the trust fund. In that case, it was provided that any part of the principal of the trust fund might be taken if deemed necessary or advisable for the support or comfort of the beneficiary. In the instant case, while the amount of the annuity is certain, it is uncertain how much of the principal would be taken in the event there is not sufficient income. In that case, it was held that the allegation was sufficient where it alleged that the income to the widow, as life tenant, was enough for her support according to her habits and station in life. In the present case, it is alleged that the money so received was added to the principal of the fund, and there is no apparent probability of the trustee using any portion of the corpus of the said fund for the payment of the $5,000 to said annuitant. It would seem to me that the allegations of this complaint are sufficient.

It is noted that section 219(b)(1), 26 USCA § 960, note, provides for a deduction of "*any part* of the gross income, without limitation" which is, during the taxable year, permanently set aside or is to be used exclusively for the purposes enumerated. While it does not appear that the sum so received from the sale of stock was mechanically set aside, it is undoubtedly distinguishable from the rest of the fund, and is held so that the income received, together with the income of the balance of the fund, shall go, subject to the payment of the annuity, to the said institutions. While there is an infinitesimal possibility that the corpus of this fund may have to answer to this annuity at some future time, it must be borne in mind that the tax in question is for the year 1924, and for that year and every year since there have been ample means to insure the payment from income. Inasmuch as gifts and bequests to institutions of the character mentioned are fostered and encouraged by the government, it does not seem that the income to them should be defeated where, as in the present case, there is no human probability that a situation could arise where the corpus of the estate would be invaded to pay the annuity.

Because of the law announced in Merchants' Loan & Trust Co. v. Smietanka, 255 U. S. 514, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305, it may be that a small part of the amount of the profit realized from the sale is not deductible, but, because of that, it is not sufficient ground to sustain the demurrer, and thereby defeat these several institutions of the income to which they are entitled, in pursuance of the will and under section 219(b)(1), 26 USCA § 960, note.

The allegations of the complaint are sufficient and the demurrer is overruled. So ordered.