LEIGHTON M. FORD, ADMINISTRATOR OF THE ESTATE OF ALBERT E. FORD, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54497. Promulgated May 19, 1932.

*John M. Hemphill, Esq.*, for the petitioner.
*C. C. Holmes, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent disallowed a part of a deduction claimed for administration expenses, and computed a profit on the sale of stock rights, and thereby determined a deficiency in income tax for the year 1928 in the amount of $920.18. At the hearing counsel for petitioner waived the allegation of error as to the disallowance of the deduction claimed.

On the remaining issue a stipulation of facts was filed, which we incorporate herein by reference. For the purposes of this report a brief summary of the facts will suffice.

Petitioner's decedent, Albert E. Ford, died a resident of Philadelphia, on March 22, 1928, owning 2,128 shares of stock of the Franklin Trust Company. Because of a will contest, letters of administration pendente lite were granted on April 19, 1928.

On July 31, 1928, an issue of 10,000 additional shares of stock of the Franklin Trust Company was authorized, and on the same date the directors of the company adopted a resolution giving stockholders the right to subscribe for the additional stock at the price of

$400 for each share, and at the rate of one-half for each share then held. The right to subscribe was to expire on September 15, 1928.

As a result of its stockholdings, the estate of the decedent had the right to subscribe to 1,064 shares of the additional stock of the trust company at the rate of $400 per share on or before September 15, 1928. On August 14, 1928, the administrators pendente lite petitioned the Orphans' Court for leave " to subscribe for as many new shares of common stock of the Franklin Trust Company as could be taken up with funds realized from the sale of the balance of the rights to subscribe to such new shares to which the estate is entitled." A decree was entered granting the leave prayed for, and the administrators thereupon sold 1,548 half rights for $116,046, which at the rate of $400 per new share enabled them to subscribe to the balance of 290 new shares using 580 half rights for that purpose.

The will contest was subsequently decided by the Supreme Court of Pennsylvania in favor of Leighton M. Ford, heir at law, and thereafter the administrators pendente lite were discharged and Leighton M. Ford was appointed administrator.

The parties are agreed that if, under the facts above outlined, the sale of rights gave rise to gain or loss, the amount of the profit has been correctly computed by respondent to be $7,376.40. Petitioner contends, however, that there was no taxable gain, the sale having been merely a mechanical detail carried out under court order for the sole purpose of maintaining the assets of the estate in status quo.

We think there can be no question but that ordinarily gain or loss may result from the sale of stock rights. *Miles* v. *Safe Deposit & Trust Co.*, 259 U. S. 247. In that case it was pointed out that stock rights are essentially analogous to stock dividends and that a gain on the sale of dividend stock is taxable as income the same as a gain on the sale of the original shares would be, whether sold " by a dealer or trader, or casually by a non-trader, as by a trustee in the course of changing investments," citing *Merchants' Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509. We have then in this case a realization of a gain which is income within the meaning of the Sixteenth Amendment and the Revenue Act. Section 161 of the Revenue Act of 1928 specifically taxes " the income of estates or of any kind of property held in trust." Cf. *Merchants' Loan & Trust Co.* v. *Smietanka, supra*, involving similar provisions of the Revenue Acts of 1916 and 1917. We know of no provision of the taxing statute that would exempt petitioner from being subject to tax on the income realized. The claim is made that the sole duty of an administrator pendente lite—as distinguished from other fiduciaries—is to preserve the estate pending the settlement of a contest as to who is

entitled to administer. Granting that this is so, it is not shown that the scope of his duties would preclude him from realizing a profit for the benefit of the estate if it occurred in the ordinary course of his administration of the property.

We accordingly affirm the determination of the respondent.

*Decision will be entered for the respondent.*