OPINION. ARUndell, Judge: Petitioner’s first contention is that the income in question is exempt from taxation. This question, in effect, has already been decided adversely to petitioner’s position in Charles Strom, 6 T. C. 621, in which the taxpayer was a restricted Indian of the same tribe as the petitioner and the same treaty was considered. It is true that the income with which that case was concerned arose from fishing operations on the reservation, but we see no difference whatever, so far as taxability is concerned, between income of that sort and income from the sale of timber from allotted lands on the reservation. It is idle at this late date to contend that tax on capital gain amounts to a capital levy, since, from the beginning of Federal income taxation, gain from the sale of capital assets has been treated as taxable income. Eisner v. Macomber, 252 U. S. 189; Merchants’ Loan & Trust Co. v. Smietanka, 255 U. S. 509; cf. Doyle v. Mitchell Brothers Co., 247 U. S. 179. The Indian treaty itself provides no exemption of the Indians from Federal taxation; the Internal Revenue Code provides none; and no other statutes or treaties providing such exemption have been cited to us, nor do we know of any. The reasoning of the Strom case is equally applicable here and requires a holding that the income in question is not exempt from taxation. Petitioner next contends that in any event she is not taxable on an amount greater than the $50 which was actually paid out to her by the superintendent of the Taholah Indian Agency in the taxable year. This is so, she asserts, because the funds in the hands of the superintendent do not constitute income “which is to be distributed currently” within the meaning of sections 161 (a) (2) and 162 (b) of the code, dealing with the tax liability of trusts and the beneficiaries thereof. We think petitioner misconceives the nature of the relationship between the Government and a restricted Indian. That relationship is one of guardian and ward. United States v. Waller, 243 U. S. 452; Tiger v. Western Investment Co., 221 U. S. 286. Much the same argument was made by the taxpayer in Superintendent, Five Civilized Tribes, for Sandy Fox, 29 B. T. A. 635, which concerned the taxability of certain moneys received by an Indian agent and held in trust as part of the Indian’s restricted funds, not subject to his demand. We there said: * * * Counsel for petitioner emphasizes the fact that the income in question is held in trust by the superintendent and was not subject to petitioner’s demand. This is of course true in all cases where there Is a guardianship relationship. But the income itself is not exempt from taxation unless it is somewhere so provided. * * * Our decision that the restricted Indian was taxable on the income held for him by the Indian agent and not subject to his demand was affirmed by the Supreme Court in 295 U. S. 418, which stated: * * * The' taxpayer here is a citizen of the United States, and wardship with limited power over his property does not, without more, render him immune from the common burden. The parties have agreed that the proper amount of the deficiency is $92.88 if it is held that petitioner is taxable on the net proceeds from the timber sale received by the superintendent in the taxable year. We so hold. Accordingly, Decision will be entered that there is a deficiency in income tax in the amount of $92.88.