## BRUCE P. PLASSE *v.* COMMISSIONER OF REVENUE SERVICES*

Superior Court, Judicial District of New Britain, Tax Session
File No. CV-01-0508116S

Memorandum filed October 31, 2003

*Bruce P. Plasse,* pro se, the plaintiff.

*Paul M. Scimonelli,* assistant attorney general, with whom was *Richard Blumenthal,* attorney general, for the defendant.

HON. ARNOLD W. ARONSON, JUDGE TRIAL REFEREE. This is an appeal pursuant to General Statutes § 12-730[1] in which the plaintiff, Bruce P. Plasse, claims that the commissioner of revenue services (commissioner) improperly determined that his earnings for the

---

* Affirmed. *Plasse* v. *Commissioner of Revenue Services,* 85 Conn. App. 542, 858 A.2d 278 (2004).

[1] General Statutes § 12-730 provides in relevant part: "[A]ny taxpayer aggrieved because of any determination or disallowance by the commissioner . . . may . . . take an appeal therefrom to the superior court for the judicial district of New Britain . . . ."

year 1999 were taxable income under General Statutes § 12-700.[2]

The plaintiff filed a 1999 federal income tax form 1040ez in which he reported his adjusted gross income to be zero. On April 18, 2000, the plaintiff filed his 1999 Connecticut nonresident tax return, on a form Ct-1040NR/Y (Connecticut nonresident or part year resident income tax return) with a copy of his 1999 federal tax return, reporting an adjusted gross income of zero. On this same state tax form, the plaintiff listed a withholding of $343 from wages and sought a refund from the state for this alleged overpayment. The plaintiff had attached to his state tax return a form W-2 showing that he had earned $51,916.45 as a mechanical engineer at Sikorsky Aircraft Corporation in Stratford and that state withholding taxes in the amount of $342.54 were withheld. The W-2 form also disclosed that federal income tax withheld was $1386.58. The tax return and the withholding statement listed the plaintiff's address at 216 Spring Street, Naugatuck.

The plaintiff also reported on his 1999 federal tax return, showing an adjusted gross income of zero, that he was seeking a refund of the amount of $1387 previously withheld. The plaintiff attached an explanation to his 1999 federal 1040 tax return that he had no income under the Corporation Excise Tax Act of 1909. The plaintiff quoted from *Merchants' Loan & Trust Co.* v. *Smietanka*, 255 U.S. 509, 518, 41 S. Ct. 386, 65 L. Ed. 751 (1921), in stating that "the word [income] must be given the same meaning in all of the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act [of 1909] . . . ." From this, the plaintiff

[2] General Statutes § 12-700 provides in relevant part: "Imposition of tax on income. Rate. (a) There is hereby imposed on the Connecticut taxable income of each resident of this state a tax . . . ."

deduces that income can only be attributable to corporate income, not to individuals. Under this theory, the plaintiff reported zero income on both his federal and state tax returns for the year 1999. The plaintiff has paid the sum of $10,605 to the Internal Revenue Service on his 1999 federal tax return.

The plaintiff has taken the decision in *Merchants' Loan & Trust Co.* out of context. In that case, a trustee of a testamentary trust sold stock in the trust and claimed that the testator provided in the trust that any increase in value to the stock in the estate would be an accretion to principal and therefore not taxed as income within the scope of the sixteenth amendment to the constitution of the United States. Id., 514. The Supreme Court, in *Merchants' Loan & Trust Co.*, concluded that the testator could not control what was taxable income and what was not in his testamentary trust, and that the term "income" had the same meaning in the Income Tax Act of 1913 as it did in the Corporate Excise Tax Act of 1909. Id., 518–19. "Income may be defined as the gain derived from capital, from labor, or from both combined, provided it be understood to include profit gained through a sale or conversion of capital assets . . . ." (Internal quotation marks omitted.) Id., 518, quoting *Eisner* v. *Macomber*, 252 U.S. 189, 207, 40 S. Ct. 189, 64 L. Ed. 521 (1920).

General Statutes § 12-701 (a) (15) defines "taxpayer" as "any person, trust or estate subject to the tax imposed under this chapter." Section 12-701 (a) (20) also defines "Connecticut adjusted gross income" as "adjusted gross income, with the following modifications . . . ." Furthermore, § 12-701 (a) (8) provides: " 'Connecticut taxable income of a resident' means the Connecticut adjusted gross income of a natural person with respect to any taxable year reduced by the amount of the exemption provided in section 12-702."

The plaintiff, during the taxable year in issue, was employed as a mechanical engineer at Sikorsky Aircraft Corporation earning a yearly income of $51,916.45. His tax return indicates that he was a resident of the state of Connecticut, listing his address as 216 Spring Street, Naugatuck. The plaintiff had claimed on his 1999 federal income tax return that there was no section of the Internal Revenue Code that establishes an income tax liability and, therefore, reported zero income. The plaintiff, however, did pay the Internal Revenue Service $10,605 for that taxable year.

It is the plaintiff's burden to show that he has no income tax liability to the state of Connecticut for the taxable year of 1999 or that he was exempt from the payment of the tax. *Petco Insulation Co.* v. *Crystal*, 231 Conn. 315, 320, 649 A.2d 790 (1994). He has failed to point to any Connecticut statutory provision that would exempt him from the payment of the state income tax and the court knows of no such statute. The plaintiff has also failed to persuade the court that simply by claiming zero income on his federal tax return and also claiming that he is exempt from the withholding of taxes on his earnings that he has no obligation to pay state income taxes.

Although the plaintiff filed a nonresident income tax reporting form to the commissioner, and yet reported on the same form that his residence was in Naugatuck, this confusion on the part of the plaintiff is not germane to the central issue of whether the income of the plaintiff earned from his employer in Connecticut was taxable by the state of Connecticut. See General Statutes § 12-700 (a) and (b).[3]

The court finds that the plaintiff was a taxpayer as defined by §§ 12-700 and 12-701 and had taxable income

---

[3] General Statutes § 12-700 (a) and (b) impose a tax on Connecticut taxable income of residents of this state and on nonresidents deriving income from sources within this state.

in Connecticut that was subject to the Connecticut income tax. The court finds no merit to the plaintiff's claim that because he reported zero income on his federal tax return (which turned out to be incorrect) the commissioner must recognize and accept this fact in submitting the state tax return. Although Connecticut recognizes federal tax concepts, the power of the federal government to tax and the state power to tax are two separate and independent taxing powers. *Kellems* v. *Brown*, 163 Conn. 478, 487, 313 A.2d 53 (1972), appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678 (1973). "In Connecticut, the power to levy taxes is vested in the General Assembly. . . . Unlike the federal constitutional limitation which existed prior to adoption of the sixteenth amendment, it appears that this state's power of taxation has never been constitutionally limited except by the constitutional requirements of equal protection and due process." (Citation omitted.) Id.

The plaintiff raises several additional arguments based on federal statutes and regulations challenging Connecticut's power to tax separate and apart from that of the federal government. The court finds these arguments to be without merit and to require no extensive discussion. Contrary to the plaintiff's claim, the state of Connecticut does have the power to tax separate from that of the federal government, and therefore it cannot be limited by federal statutes or regulations. Id.

The plaintiff has failed to sustain his burden of proof in this action to show that the commissioner was in error. Accordingly, judgment may enter in favor of the defendant commissioner, dismissing this appeal.