FIDELITY NATIONAL BANK AND TRUST COMPANY, ALLEGED TO BE AN ASSOCIATION TAXABLE AS A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FIDELITY NATIONAL BANK AND TRUST COMPANY OF KANSAS CITY, A NATIONAL BANKING ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HENRY C. FLOWER, LESTER W. HALL AND W. D. JOHNSON, TRUSTEES FOR STOCKHOLDERS OF FIDELITY NATIONAL BANK AND TRUST COMPANY OF KANSAS CITY OF RECORD, DECEMBER 31, 1928, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 85644, 85648, 85649.    Promulgated March 15, 1938.

*Justin D. Bowersock, Esq.*, for the petitioners.
*John H. Pigg, Esq.*, and *Arthur Clark, Esq.*, for the respondent.

476

OPINION.

SMITH: The above facts are all of those essential to the general or preliminary issue raised. In view of our ruling on this issue, as discussed below, that none of the petitioners in these proceedings is liable for any of the tax deficiencies herein asserted, it is not necessary to state the facts pertaining to the issues on the merits.

Questions relating to the income tax liabilities of the various participants in transactions of the same general character as those here involved have been considered by the Board and by the courts in a number of cases. In *William E. Fulton*, 15 B. T. A. 1018, the facts were almost identical with those in the instant proceedings except that no certificates of interest were issued to the stockholders of the old banks representing their interests in the excess assets transferred to the trustees. The Board held that the transfer of the excess assets to the trustees constituted the declaration of a dividend which was taxable to the distributees when the distributions were made to them by the trustees. On appeal the Board was affirmed, *Fulton's Executors* v. *Commissioner*, 47 Fed. (2d) 436.

The case of *Benjamin L. Allen*, 19 B. T. A. 1005, involved substantially the same facts as those in *William E. Fulton*, *supra*, except that there the trustees to whom the excess assets were transferred did issue certificates of beneficial interest to their old stockholders, as was done in the instant proceedings. The Board held, following the *Ful-*

*ion* case, that the transfer of the assets to the trustees constituted a dividend by the old corporation and that the distributions made by the trustees were taxable to the distributees not as dividends under section 201, but as exchanges under section 202 of the Revenue Act of 1921 to the extent that the distributions exceeded the base of the certificates in the hands of the distributees. The Board also held that the trust was not such a trust as was contemplated under section 219 of the Revenue Act of 1921. The Board was affirmed by the Circuit Court of Appeals for the Second Circuit, *Allen* v. *Commissioner*, 49 Fed. (2d) 716. The court held, however, that the trust involved was a trust within the meaning of section 219 and was not an association taxable as a corporation, as the Commissioner contended. In its opinion the court stated:

We agree with the appellant that the trust did not create an "association" under section 2 (2) of the Revenue Act of 1921 (42 Stat. 227), and that section 201 (c) did not in terms apply. This was not a trust like those before the court in *Hecht* v. *Malley*, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949, where the trustee was conducting a business. The only purpose was to hold the assets as security for a season, and then to distribute them. Little of the assets proved necessary to make whole the trustee, and the delay arose only because of difficulties in liquidation. We therefore assimilate the trust to those considered in *Crocker* v. *Malley*, 249 U. S. 223, 39 S. Ct. 270, 63 L. Ed. 573, 2 A. L. R. 1601, and *White* v. *Hornblower*, 27 F. (2d) 777 (C. C. A. 1), and we accept section 219 as the controlling section. If so, section 219 (c) imposed the tax primarily upon the trustee, and this covered profits arising from the sale of the trust property. *Merchants' etc., Co.* v. *Smietanka*, 253 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305. However, in the case at bar the trustee paid over the principal together with any profit as the liquidation proceeded, as well as any interest that was available. Hence the trust was for the "periodic," though irregular, payment of any income that arose, and fell within section 219 (a) (4). If so, the certificate holders were subject to the tax under section 219 (d), and so we understand every one agrees in the case of property sold by the trustee and distributed in cash.

In both of the above cases the taxpayers were the old stockholders or beneficiaries of the trusts against whom the Commissioner had determined a tax on the distributions made to them by the trustees out of the liquidated assets. In the instant proceedings, however, the respondent has asserted deficiencies against the trustees in the operation of the trust, as trustees for the Fidelity Bank in the one instance, Docket No. 85649, and in the other, Docket No. 85644, as an association taxable as a corporation.

It is our opinion, as stated above, that no liability for the taxes involved in these proceedings rests upon any of the petitioners before us on either of the theories advanced by the respondent, or on any other theory. It is clear beyond reasonable doubt that the trustees engaged in the liquidation of the excess assets in accordance with the terms of the trust agreement were not an association taxable as a

corporation under the provisions of section 701 of the Revenue Act of 1928.

In the first place, the trust here was purely a liquidating trust as distinguished from a business trust. The trustees were not authorized or expected to engage in carrying on any business enterprise and, so far as the facts show, they did not do so. This distinction has always been recognized to be of paramount importance. It was relied upon in our ruling in *Dolese & Shepherd Co., Syndicate No. 3*, 30 B. T. A. 1171, and in other of the Board and court cases therein cited, which were decided previous to the decision of the Supreme Court in *Morrissey* v. *Commissioner*, 296 U. S. 344, and in *Girard Trust Co., Trustee*, 34 B. T. A. 1066, and *Broadway-Brompton Buildings Liquidation Trust*, 34 B. T. A. 1089, thereafter decided. In the last named case we said:

\* \* \* Here, the activities of the trust were all reasonably incident to and consistent with orderly liquidation. The declared purpose was neither obscured nor abandoned and its accomplishment was the primary consideration at all times.

We have carefully considered the recent decisions of the Supreme Court and do not believe they dictate a contrary conclusion. In the *Morrissey* case the Chief Justice was at pains to point out that the trust in question "was not a liquidating trust."

Consequent on the above, it is held that petitioner is taxable as a trust and not as a corporation. See *Dolese & Shepherd Co.*, 30 B. T. A. 1171, and cases there cited.

See also *Frederick Pitzman et al., Trustees*, 36 B. T. A. 81.

We conclude that the trust here was a liquidating trust and not an association taxable as a corporation.

It follows that, if the trust is to be regarded as a taxable entity, it must be under section 161 (a) (2) of the Revenue Act of 1928, which provides in material part that:

(a) *Application of tax.*—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \* \*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, \* \* \*

It is further provided in section 162 of the Revenue Act of 1928, however, that:

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries \* \* \* but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. \* \* \*

The trust agreement here implicitly directs that "All income from the trust estate not needed for expenses or for the purposes authorized herein shall be distributed to the beneficiaries annually", or more frequently, if desired. Distributions of capital also were to be made from time to time. Whatever income the trust may have realized in the liquidation of the trust assets was therefore deductible by it and taxable to the beneficiaries.

Since the beneficiaries are not before us individually, we are not called upon to determine the amount of the distributable income of the trust for either of the years 1930 or 1931. For this reason we have omitted from our findings of fact the facts relating to the issues on the merits.

As to the petitioners before us, we find that there is no deficiency in tax for either of the years 1930 or 1931. It follows, of course, that since there is no tax liability there is no liability for the penalties asserted.

*Judgment of no deficiency will be entered.*