MERCHANTS NATIONAL BUILDING CORPORATION, FORMERLY MERCHANTS SECURITIES CORPORATION, THE MERCHANTS NATIONAL BANK OF MOBILE, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 99181, 102155.   Promulgated October 22, 1941.

*George E. H. Goodner, Esq.*, for the petitioner.
*Frank M. Thompson, Esq.*, for the respondent.

OPINION.

KERN: Before proceeding to a discussion of the three questions for our determination, it will be well to note that certain other issues, raised by the pleadings, have been waived by the parties. In Docket No. 99181 petitioner alleged error in respondent's computation of depreciation and profit on the sale of securities, but at the hearing waived these allegations. The bank, as trustee, had reported profits from sale of securities in the amount of $3,904.80, which figure respondent increased to $23,395.36. The pleadings also alleged error on respondent's part in limiting to $2,000 a loss of $3,234.29 sustained on the sale of real estate in 1935. At the hearing and on brief respondent conceded that the loss should not have been limited to $2,000. In Docket No. 102155 petitioner alleged the following five errors on the part of the Commissioner: First, erroneous understatement of depreciation deduction; second, erroneous overstatement of profits on sales of securities; third, erroneous increase in income from interest and commissions and disallowance of credit for taxes paid; fourth, erroneous addition to income of cash account of $28.96; and fifth, erroneous increase of income in amount of $1,052.65, designated as "bad debts recovered." Petitioner introduced no evidence in support of any of the foregoing allegations, and, therefore, those contentions are deemed

to have been waived. In addition petitioner alleged in the pleadings that respondent erroneously overstated the surtax on undistributed profits through failure to compute it according to law.

We now arrive at the three issues remaining in these proceedings, which call for our determination of: First, whether the income realized in 1935 and 1936 from the sale of the assets of the securities corporation by the trustee liquidating them under the terms of the trust instrument dated May 31, 1934, is taxable as the income of the grantor corporation; second, whether the trustee is required to file on behalf of the grantor corporation a capital stock tax return and be subject to the excess profits tax for 1935 and 1936; and, third, whether the Commissioner's computation of the surtax on undistributed profits is in accordance with the law.

In the taxable years the grantor corporation was nonexistent, except for the purpose of winding up its affairs, having turned over all its assets to the bank in trust, the first transfer being made in May 1934 and the second in October 1934. After the second transfer it went into dissolution. The bank's duties under the trust indenture dated May 31, 1934, were merely to liquidate the assets transferred thereunder, pay off the creditors of the corporation, and retain the remainder for the benefit of its stockholders. This was intended to be, and was, merely a liquidating trust. It is the income from the liquidation of these assets by this trust (of May 31, 1934) which is here in question. Respondent requests us to find as a fact that the bank, as trustee, purchased securities in each of the taxable years, and to conclude therefrom that the bank, as trustee, was engaged in operating rather than merely liquidating.. Respondent relies upon one of petitioner's exhibits to support this finding. However, the purpose of that exhibit was a limited one, and we did not accept it in evidence as establishing the truth of matters contained therein; consequently, we can not make the findings requested by respondent, without which the evidence clearly indicates that the trust was a true liquidating trust without extraordinary operations on the part of the bank. One of the petitioner's witnesses, an assistant trust officer of the bank, testified that the trust made no purchases of securities, which evidence stands uncontradicted.

Trustees are required by section 142 of the Revenue Acts of 1934 and 1936 to make returns for the trust, stating specifically the items of gross income thereof and the deductions and credits allowable. Such returns are to be made on Form 1040 and, in certain instances, to be supplemented by a return on Form 1041. However, corporate returns, as required by section 52 of the Revenue Acts of 1934 and 1936, are necessary in certain instances where the corporations are not themselves operating the business of the corporations and where

trustees are carrying on the affairs of the corporations in their behalf. As set forth in section 52, these instances are:

SEC. 52. CORPORATION RETURNS.

* * * In cases where receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, such receivers, trustees, or assignees shall make returns for such corporations in the same manner and form as corporations are required to make returns. Any tax due on the basis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporations of whose business or property they have custody and control.

The bank was not acting in the capacity of a receiver or a trustee in bankruptcy, nor was it an assignee of the grantor corporation. In addition, we have already found as an ultimate fact that the bank was not operating the property or business of the grantor corporation. Therefore, it seems clear that the language of section 52, *supra*, does not cover the instant situation. But respondent points to articles 22 (a)–21 and 52–2 of Regulations 86 and 94,[1] as determinative of the issue here before us. In many earlier cases this Board and the courts have upheld the reasonableness of and given effect to these articles of the regulations. *Taylor Oil & Gas Co.*, 15 B. T. A. 609; affd., 47 Fed. (2d) 109; certiorari denied, 283 U. S. 862; wherein the Circuit Court of Appeals for the Fifth Circuit approved and gave effect to article 547 of Regulations 45, which is identical with article 22 (a)–21 of Regulations 86 and 94. *Northwest Utilities Securities Corporation*, 27 B. T. A. 524; affd., 67 Fed. (2d) 619; certiorari denied, 291 U. S. 684, wherein the Circuit Court of Appeals for the Eighth Circuit approved article 548 of Regulations 69, which is identical with article 22 (a)–21 of Regulations 86 and 94, and also approved and gave effect to article 622 of Regulations 69, which is identical with article 52–2 of Regulations 86 and 94. See also *Burnet* v. *Lexington Ice & Coal Co.*, 62 Fed. (2d) 906; *Hellebush* v. *Commissioner*, 65 Fed. (2d) 902; *Boggs-Burnam & Co.*, 26 B. T. A. 988;

---

[1] ART. 22 (a)–21. *Gross income of corporation in liquidation.*—When a corporation is dissolved, its affairs are usually wound up by a receiver or trustees in dissolution. The corporate existence is continued for the purpose * * *. Any sales of property by them are to be treated as if made by the corporation for the purpose of ascertaining the gain or loss. No gain or loss is realized by a corporation from the mere distribution of its assets in kind in partial or complete liquidation, however they may have appreciated or depreciated in value since the acquisition. * * *

ART. 52–2. *Returns by receivers.*—Receivers, trustees in dissolution, trustees in bankruptcy, and assignees, operating the property or business of corporations, must make returns of income for such corporations. If a receiver has full custody of and control over the business or property of a corporation, he shall be deemed to be operating such business or property within the meaning of section 52, whether he is engaged in carrying on the business for which the corporation was organized or only in marshaling, selling, and disposing of its assets for purposes of liquidation. Notwithstanding that the powers and functions of a corporation are suspended and that the property and business are for the time being in the custody of the receiver, trustee, or assignee, subject to the order of the court, such receiver, trustee, or assignee stands in the place of the corporate officers and is required to perform all the duties and assume all the liabilities which would devolve upon the officers of the corporation were they in control. * * *

affd., 71 Fed. (2d) 999; *Will T. Caswell*, 36 B. T. A. 816; *First National Bank of Greeley* v. *United States*, 9 Fed. Supp. 28; affd., 86 Fed. (2d) 938. While it is, of course, true that the solution of each case of this nature depends · upon its own peculiar facts, we must give due consideration to a Treasury regulation which has been so often accorded by this Board and the courts the force and effect of law. This makes application of articles 22 (a)–21 and 52–2 of Treasury Regulations 86 and 94 obligatory if the assets were all transferred as a step toward dissolution, regardless of the form of the dissolution, unless there has in fact been a distribution in kind to the stockholders.

The record negatives the conclusion that dissolution was contemplated prior to September 1934, four months after the May 1934 transfer of assets to the bank in trust for the stockholders. In May there was no dissolution contemplated. The minutes of the directors' and stockholders' meetings in May, and the resolutions adopted thereat, clearly show that the action then taken was intended to effect only a liquidation of those assets of the corporation the retention of which would violate the provisions of section 20 of the Banking Act of 1933, and to continue the corporation with curtailed activities. The change of the corporate name was more fitting for the sole remaining activity, and it can not be said to evidence an intention to dissolve completely the corporate entity.

Neither expressly nor by operation of law did the bank become a trustee in dissolution of the assets conveyed under the May trust indenture. In all the cases cited above dealing with articles 22 (a)–21 and 52–2 of the regulations, it is noticeable that, where the taxpayer has been held taxable as a corporation, the transfer of assets was always directly connected with a plan of dissolution. Were such the situation in these proceedings, we should be forced to follow that line of cases; but, since the evidence is otherwise, we do not consider the bank's activities as trustee under the May indenture governed by the articles of the regulations set out, *supra*. The trust was a liquidating trust, not an operating one. Liquidating trusts of this sort are not taxable as corporations. *Fidelity National Bank & Trust Co. of Kansas City*, 37 B. T. A. 473.

Since the income involved in these proceedings was derived entirely out of the assets transferred under the May 1934 indenture, we are not faced with the question of whether the petitioner is taxable as a corporation on profits realized from assets conveyed in September.

Since we find in favor of petitioner on this first issue, the second issue must be resolved in his favor as well; and, as petitioner is not taxable as a corporation, it follows that there is no liability whatsoever for undistributed profits tax.

*Decision will be entered under Rule 50.*