T.C. Memo. 2002-211

UNITED STATES TAX COURT

DONNIE F. SCHROEDER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 7704-99, 5443-00.      Filed August 20, 2002.

Donnie F. Schroeder, pro se.

<u>Paul K. Voelker</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  In these consolidated cases, respondent determined the following deficiencies, addition to tax, and penalties in petitioner's Federal income taxes:

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) | Accuracy-related penalty Sec. 6662(a) |
|------|-----------|--------------------------------|----------------------------------------|
| 1995 | $5,479.00 | $194.75 | $1,095.80 |
| 1996 | $1,168.70 | -0- | $233.74 |

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In an amendment to answer with respect to petitioner's 1996 taxable year, respondent asserted an increased tax deficiency of $13,531 and accuracy-related penalty of $2,706.20. This results in a total deficiency of $14,699.70 and an accuracy-related penalty of $2,939.94 for petitioner's 1996 taxable year.

After deemed concessions by petitioner, the issues the Court must decide are: (1) Whether petitioner had unreported gross income in 1996; and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a) with respect to the 1996 taxable year.

Some of the facts have been stipulated and are so found. Petitioner resided in Elverta, California, at the time he filed his petitions.

We first review petitioner's 1995 taxable year. Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for the 1995 taxable year. On his 1995 return, petitioner reported "wages, salaries, tips, etc." of zero. Petitioner also reported adjusted gross income and total tax of zero. In a two-page document attached to his 1995 return, petitioner stated in part:

> It should also be noted that I had "zero" income according to the Supreme Court's definition of income

(See note#1), since in Merchant's Loan & Trust Co.v. Smietanka, 225 U.S. 509, (at pages 518&519) that Court held that "The word (income) must be given the same meaning in all of the income tax acts of Congress that was given to it in the Corporation Excise Tax Act (1909)."Therefore, since I had no earnings in any year that would have been taxable under the Corporation Excise Tax Act of 1909 as "income," I can only swear to having "zero" income in 1995.* * *

Respondent issued a notice of deficiency for the 1995 taxable year and petitioner filed a petition with this Court. On August 14, 2000, this Court ordered that, with the exception of an issue relating to the period of limitations, petitioner was deemed to have conceded any issue that could arise from any of the determinations in the notice of deficiency for the 1995 taxable year.

At trial, the Court ruled that the notice of deficiency for the 1995 taxable year was issued timely for the reasons set forth below. Petitioner had averred generally that the notice of deficiency was not issued within the 3-year period set forth in section 6501(a). Even if we take the filing date to be April 15, 1996, as petitioner claims, rather than the received date of March 12, 1997, the notice of deficiency was issued on May 10, 2000, well within the 6-year period which is applicable when there is an omission from gross income of more than 25 percent. Sec. 6501(e). Here, the deemed deficiency obviously resulted in an omission of more than 25 percent of gross income over the zero amount reported in petitioner's 1995 return. Therefore, the

notice of deficiency was issued timely for the 1995 taxable year. Because of this Court's order as to the deemed admissions and our ruling that the notice of deficiency was timely, respondent's determinations as to the 1995 taxable year are sustained.

We turn to petitioner's 1996 taxable year. On April 15, 1997, petitioner filed his 1996 individual Federal tax return. Petitioner reported "wages, salaries, tips, etc." of zero. Petitioner also reported adjusted gross income, taxable income, and total tax of zero. Petitioner attached a two-page document to his 1996 return, which was essentially identical to the two-page document attached to his 1995 return.

In the notice of deficiency for the 1996 taxable year, respondent determined that petitioner had total unreported gross income in the amount of $9,051 from various specific sources. This included the following items: (1) Interest income in the amounts of $108 and $11 from Mather Federal Credit Union and Countrywide, respectively; (2) early distribution from an individual retirement account in the amount of $7,017 from First National Bank; (3) nonemployee compensation in the amount of $690 from Nader Afrooz; and (4) rental income in the amount of $1,225 from Coldwell Banker. Respondent adjusted petitioner's self-employment tax and allowed him a corresponding deduction.

A Form 1065, U.S. Partnership Return of Income, was timely filed for Quality Sweeping & Steam Cleaning (Quality) for the

1996 taxable year. A Schedule K-1 was attached to Quality's 1996 return. The Schedule K-1 listed petitioner as a general partner of Quality with a 50-percent interest in profit sharing, loss sharing, and ownership of capital. The Schedule K-1 listed petitioner's distributive share of Quality's ordinary income, interest income, and section 1231 gain for the 1996 taxable year as $40,697, $1,411, and $311, respectively. The Schedule K-1 also listed petitioner's distributive share of Quality's section 179 expense deduction and other deductions as $644 and $800, respectively.

During the course of trial preparation, respondent discovered that petitioner had additional income from Quality. In the amendment to answer, respondent asserted that petitioner had the following additional amounts of unreported gross income in 1996 with respect to his partnership interest in Quality: (1) Ordinary income in the amount of $40,697; (2) section 1231 gain in the amount of $311; and (3) interest income in the amount of $1,411. With respect to petitioner's partnership interest in Quality, respondent allowed petitioner a section 179 expense deduction and other deductions in the amounts of $644 and $800, respectively. Respondent also increased petitioner's self-employment tax and allowed a corresponding deduction. Petitioner has not specifically contested the applicability of the employment tax and related deductions, and we deem that he has

conceded these issues.

We must decide whether petitioner had unreported gross income in 1996. Respondent's determinations in the notice of deficiency are presumptively correct. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Respondent has the burden of proof for the increased deficiency and penalty asserted in the amendment to answer. Rule 142(a). Because petitioner failed to comply with the requirements to substantiate any item, section 7491 is not applicable except that under section 7491(c), respondent has the burden of production with respect to petitioner's liability for a penalty.

In his petition and memorandum, petitioner makes tax protester arguments that have been repeatedly rejected by this Court and others, including the Court of Appeals for the Ninth Circuit (to which this case may be appealed), as inapplicable or without merit. <u>Rowlee v. Commissioner</u>, 80 T.C. 1111 (1983); <u>McCoy v. Commissioner</u>, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). We see no need to repeat these discussions here.

Section 1 imposes a tax on the taxable income of individuals. Section 63(b) defines "taxable income", as applicable to petitioner, as gross income less the standard deduction and one personal exemption. Section 61(a) defines gross income to mean "all income from whatever source derived,

including (but not limited to) the following items: (1) Compensation for services * * * (4) Interest; (5) Rents; * * * (11) Pensions; * * * [and] (13) Distributive share of partnership gross income".

At trial petitioner did not dispute any of the unreported gross income amounts determined by respondent in the 1996 notice and the amendment to answer. In fact, in his Reply To Amendment To Answer and at trial, in response to questions concerning items of income, petitioner admitted he received: The nonemployee compensation in the amount of $690 from Nader Afrooz, the rental income from Coldwell Banker in the amount of $1,225, money from First Nationwide Bank, and the distribution of profits from Quality. Petitioner did not raise any argument at trial as to the assertion of respondent that petitioner had $108 interest income from Mather Federal Credit Union and $11 of interest income from Countrywide. We deem these amounts conceded.

At trial, petitioner claimed the $1,225 of rental income belonged to another individual. However, petitioner admitted he "rented the house" and someone paid him rent. Petitioner offered no corroborative testimony or documentary evidence that the rental income in fact belonged to someone else. We are not required to accept petitioner's generalized statements and decline to do so here without further supporting evidence. Geiger v. Commissioner, 440 F.2d 688 (9th Cir. 1971), affg. T.C.

Memo. 1969-159; <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986). We are not required to accept the self-serving statements of petitioner as the truth.

On this record, we hold that petitioner had unreported items of gross income in the taxable year 1996 as determined by respondent. Accordingly, we sustain respondent's determination of petitioner's income tax deficiency with respect to the 1996 taxable year.

Finally, we must decide whether petitioner is liable for the section 6662(a) accuracy-related penalty for the 1996 taxable year. Taxpayers are liable for an accuracy-related penalty in the amount of 20 percent of the portion of an underpayment of tax attributable to any substantial understatement of income tax. Sec. 6662(a) and (b)(2). A "substantial understatement" is an understatement for the taxable year exceeding the greater of 10 percent of the proper tax or $5,000. Sec. 6662(d)(1)(A). No penalty will be imposed with respect to any portion of any underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c). This determination is based on all the facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

As mentioned, section 7491(c) imposes on respondent the burden of production of evidence that the section 6662(a) penalty

is appropriate, but respondent need not produce evidence regarding reasonable cause.  <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001).

Petitioner substantially understated his income tax liability for the 1996 taxable year because he reported a income tax liability of zero.  Respondent provided the amount and sources of the unreported gross income determined in the 1996 notice of deficiency and the amendment to answer.  Petitioner's income tax liability substantially exceeds the amount shown on his 1996 return.  On the record before the Court, we find that respondent has satisfied the burden of production with respect to the accuracy-related penalty under section 6662(a).  Petitioner presented no evidence indicating reasonable cause for the understated income.  Accordingly, we sustain the imposition of the accuracy-related penalty.

<u>Decisions will be entered</u>

<u>for respondent</u>.