T.C. Memo. 2003-61

UNITED STATES TAX COURT

DANIEL A. FINK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7282-02L.                    Filed March 4, 2003.

Daniel A. Fink, pro se.

<u>Alan J. Tomsic</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment and to impose a penalty under
section 6673[1] (respondent's motion).  We shall grant respondent's

_____

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Henderson, Nevada, at the time he filed the petition in this case.

On or about August 15, 1999, petitioner filed a Federal income tax (tax) return for his taxable year 1998 (1998 return). In his 1998 return, petitioner reported total income of $0, total tax of $0, and claimed a refund of $5,946 of tax withheld. Petitioner attached a two-page document to his 1998 return (petitioner's attachment to his 1998 return). That document stated in pertinent part:

> I, Daniel A. Fink, am submitting this as part of my 1998 income tax return, even though I know that no section of the Internal Revenue Code:
>
> 1) Establishes an income tax "liability" as, for example, Code Sections 4401, 5005, and 5703 do with respect to wagering, alcohol, and tobacco taxes;
>
> 2) Provides that income taxes "have to be paid on the basis of a return: - as, for example, Code Sections 4374, 4401(c), 5061(a) and 5703(b) do with respect to other taxes; I am filing anyway because I know the government has prosecuted other [sic] for failing to file income tax returns by (erroneously) invoking Code Sections 7201 and 7203. Therefore, this return is not being filed voluntarily but is being filed out of fear that if I did not file this return I could also be (illegally) prosecuted for failing to file an income tax return for the year 1998.
>
> 3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in a 1040 booklet

clearly informs me that I am not required to file.  It
does so in at least two places.

> a) In one place, it states that I need only
> file a return for "any tax" I may be "liable"
> for.  Since no Code Section makes me "liable"
> for income taxes, this provision notifies me
> that I do not have to file an income tax
> return.
>
> b) In another place, it directs me to Code
> Section 6001.  This section provides, in
> relevant part, that "Whenever in the judgment
> of the Secretary it is necessary, he may
> require any person by notice served on such
> person; or by regulations, to make such re-
> turns, render such statements, or keep such
> records, as the Secretary deems sufficient to
> show whether or not such person is liable for
> the tax under this title."  Since the Secre-
> tary of the Treasury did not "serve" me with
> any such "notice" and since no legislative
> regulation exists requiring anyone to file an
> income tax return, I am again informed by the
> "Privacy Act Notice" that I am not required
> to file an income tax return.

   *      *      *      *      *      *      *

6) It should also be noted that I had "zero" income
according to the Supreme Court's definition of income
* * * since in **Merchant's Loan & Trust C. V. Smietanka**,
255 U.S. 509,(at pages 518 & 519) that court held that
"The word (income) must be given the same meaning in
all of the Income Tax Acts of Congress that was given
to it in the Corporation Excise Tax Act of 1909."
Therefore since I had no earnings in 1998, that would
have been taxable as "income" under the Corporation
Excise Tax Act of 1909, I can only swear to having
"zero" income in 1998.  Obviously, since I know the
legal definition of "income," if I were to swear to
having received any other amount of "income," I would
be committing perjury * * *.  Therefore, not wishing to
commit perjury * * *, I can only swear to having "zero"
income for 1998.

On February 18, 2000, respondent issued to petitioner a

notice of deficiency (notice) with respect to his taxable year

1998, which he received. In that notice, respondent determined a deficiency in, an addition to tax under section 6651(a)(1) on, and an accuracy-related penalty under section 6662(a) on, petitioner's tax for his taxable year 1998 in the respective amounts of $8,836, $722.50, and $578.

Petitioner did not file a petition in the Court with respect to the notice relating to his taxable year 1998. Instead, on March 6, 2000, in response to the notice, petitioner sent a letter (petitioner's March 6, 2000 letter) to the Internal Revenue Service. That letter stated in pertinent part:

> According to your "Deficiency Notice" of February 18, 2000 (cover sheet attached), there is an alleged deficiency with respect to my 1998 income tax of $8,836, and if I wanted to "contest this deficiency before making payment," I must "file a petition with the United States Tax Court." Before I file, pay, or do anything with respect to your "Notice" I must first establish whether or not it was sent pursuant to law, whether or not it has the "force and effect of law," and whether you had any authority to send me the Notice in the first place.
>
>     *     *     *     *     *     *     *
>
> Let me further point out the IRS Code Sections 6001 and 6011(as identified in the 1040 Privacy Act) notifies me that I need only "comply with regulations." Nothing in the Privacy Act Notice or in the above statutes informs me that I have [to] "comply" with, or pay attention to, letters and/or alleged "determinations" sent to me by various and sundry employees of the IRS.
>
> Please note that Section 6212 states that "If the Secretary determines that there is a deficiency in respect of any tax...he is authorized to send notice of such deficiency etc., etc., etc." However, the "notice" I received was not sent by the Secretary, but by Dennis L. Paiz who is identified as being Chief, Ser-

vice Center Examination Branch in Ogden, Utah, and I have no way of knowing whether he has been delegated by the Secretary to send out of [sic] such notices on the Secretary's behalf. So, before I do anything at all with respect to your "Notice," I would have to see a Delegation Order from the Secretary of the Treasury delegating to Dennis L. Paiz the authority to send out Deficiency Notices.

In addition, I would also like you to send me (or identify for me) the legislative regulations that you claim implement Code Sections 6212 and 6213. I have also attached an excerpt from the IRS Procedures Manual * * * which points out that the IRS is required to "make available to all taxpayers comprehensive, accurate, and timely information on the requirements of tax law and regulations." So, pursuant to this provision from your Procedures Manual, I am asking that you identify (make available) for me the legislative regulations that you claim implement both Code Sections 6212 and 6213 - since I have not been able to locate them.

Without your furnishing me with these documents and information, I will be unable to "ascertain" * * * whether the individual who sent me the Deficiency Notice was authorized to do so, and whether I am legally required to take any notice of it. * * *

On August 7, 2000, respondent assessed petitioner's tax, as well as any penalties and interest as provided by law, for his taxable year 1998. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after August 7, 2000, as petitioner's unpaid liability for 1998.)

On August 7, 2000, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability for 1998.

On August 6, 2001, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing

(notice of intent to levy) with respect to his taxable year 1998. On or about August 22, 2001, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office).  A document that petitioner attached to his Form 12153 (petitioner's attachment to Form 12153) stated in pertinent part:

> I am requesting for [sic] a Collection Due Process Hearing as provided for in Code sections 6320 and 6330. * * *   Thus, if any IRS employee attempts to deny me the "Due Process Hearing" guaranteed to me by law, or recommends that seizure action be taken without produc-ing the documentation required by Sections 6320 and 6330 or without addressing the issues provided for in these Code Sections, I will seek damages * * * and seek that employee's termination * * *.

> *       *       *       *       *       *       *

> It is clear before any Appeals officer can recommend the seizure of any property pursuant to Code Section 6331 certain elements have to be present.  For one thing, pursuant to the statute, that person has to be statutory [sic] "liable to pay" the taxes at issue, and only after he "neglects or refuses to pay the same within 10 days after notice and demand," can his prop-erty be subject to seizure.  Therefore, apart from the Appeals officer having to identify the statute that makes me "liable to pay" the taxes at issue, he needs to have a copy of the "notice and demand" which I "neglected" and "refused" to pay.  In addition, I cannot be "liable" to pay an income tax, if the tax in question has never been assessed against me as required by Code Sections 6201 and 6203.  So, I will need to see a copy of the record of my assessments.  As provided by Code Section 6201(a)(1) and IRS Transaction Code 150, all assessments have to be based on filed returns, I will have to see a copy of the return upon which any claimed assessment is based.  In lieu of producing these specific documents "verification from the Secre-tary of the Treasury that the requirements of any

applicable law or administrative procedure have been met," will be acceptable. But, the Appeals officer better have either the specific documents as identified above, or "verification from the Secretary." If the Appeals officer can produce neither, then no Due Process Hearing should have been scheduled. * * *

On February 5, 2002, respondent's Appeals officer held an Appeals Office hearing with petitioner with respect to the notice of intent to levy. Prior to the Appeals Office hearing, the Appeals officer provided petitioner with a literal transcript of account with respect to petitioner's taxable year 1998. After the Appeals Office hearing, respondent's representative provided petitioner with Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), with respect to petitioner's taxable year 1998.

On March 19, 2002, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). An attachment to the notice of determination stated in pertinent part:

**What issue is being appealed?**

On August 30, 2001, the taxpayer submitted a timely request, under Section 6330 of the Internal Revenue Code (IRC), for a collection due process hearing. The request relates to a Notice of Intent to Levy dated August 6, 2001 that was issued for balances due on his 1998 individual income tax liability * * *.

**Verification of Legal and Procedural Requirements**

The Secretary has provided sufficient verification that the requirements of applicable law and administrative requirements have been met. I have reviewed transcripts of the accounts, the taxpayer's original 1998

Individual Income Tax Return, and the related deficiency assessment file.

The statutory notice of deficiency was correctly sent for the 1998 income tax assessment on February 18, 2000. The taxpayer received and responded to it with frivolous arguments but did not petition the Tax Court. The "notice and demand", required by IRC 6303, was properly sent to the taxpayers [sic] last known address on August 7, 2000. The taxpayer has had an opportunity for judicial review of the income tax assessment and is now precluded, under IRC 6330(c)(2)(B) from raising challenges "to the existence or amount of the underlying tax liability".

      *      *      *      *      *      *      *

The Settlement Officer assigned to this hearing has had no previous involvement with the taxpayer. * * * The notice required by IRC 6330 was correctly sent and resulted in this hearing request.

**Relevant Issues Raised by Taxpayer**

The hearing was conducted with the taxpayer on February 5, 2001 [sic]. The taxpayer's hearing request presented only frivolous arguments and no relevant arguments were presented at the hearing. The taxpayer denied receipt of a Statutory Notice of Deficiency for his 1998 liability, but he received and responded to it and referenced in his letter dated March 6, 2000. That letter also presented frivolous arguments and stated, in part: "Nothing in the Privacy Act Notice or in the above statutes informs me that I have to 'comply' with, or pay attention to, letters and/or alleged 'determinations' sent to me by various and sundry employees of the IRS." Only arguments of this vein were presented at the hearing.

      *      *      *      *      *      *      *

The taxpayer was specifically asked if he wished to propose collection alternatives to levy on his assets but he presented none. He was advised of his right to judicial review of this determination. He was also given a copy of <u>Pierson v. Commissioner</u>, 2000 U.S. Tax Ct. LEXIS 93; 115 T.C. No.39 and was warned that the courts have been imposing sanctions upon litigation of

frivolous arguments.

**Balancing Efficient Collection with Intrusiveness**

It is determined that the Notice of Intent to Levy was properly issued.  Given the taxpayer's compliance history and continuing non-compliance, levy on assets of the taxpayer is an appropriate next action for the Internal Revenue Service to take.  The taxpayer offers no collection alternative.  Levy on assets of the taxpayer balances the taxpayer's legitimate concern for the intrusiveness of the action with the need to efficiently administer the tax laws.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there is no genuine issue of material fact regarding the questions raised in respondent's motion.

With respect to petitioner's taxable year 1998, petitioner received a notice of deficiency, but he did not file a petition with respect to that notice.  In petitioner's response to respondent's motion (petitioner's response), petitioner contends that he "only admitted to having received an **"INVALID"** Deficiency Notice".  That is because, according to petitioner, the employee who signed the notice of deficiency "did not have any delegated authority to send out the Deficiency Notice at issue".  The Court finds petitioner's contention about the notice relating to his taxable year 1998 to be frivolous and groundless.  On the instant

record, we find that petitioner may not challenge the existence or the amount of petitioner's unpaid liability for 1998. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); Goza v. Commissioner, 114 T.C. 176, 182-183 (2000).

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.

As was true of petitioner's attachment to his 1998 return, petitioner's March 6, 2000 letter, and petitioner's attachment to Form 12153, petitioner's response contains contentions, arguments, and requests that the Court finds to be frivolous and/or groundless. To illustrate, petitioner contends that respondent failed to issue petitioner the "statutory Notice and Demand for payment". We reject that contention. Form 4340 with respect to petitioner's taxable year 1998 shows that respondent sent petitioner a notice of balance due on August 7, 2000, the same day on which respondent assessed petitioner's tax, as well as any penalties and interest as provided by law, for his taxable year 1998. A notice of balance due constitutes the notice and demand for payment under section 6303(a). Craig v. Commissioner, 119 T.C. 252, 262-263 (2002).

As a further illustration of the frivolous and/or groundless

nature of petitioner's position in this case, petitioner contends in petitioner's response that the Appeals officer failed to obtain and to produce verification that the requirements of any applicable law or administrative procedure have been met, as required by section 6330(c)(1).  The record establishes that the Appeals officer obtained verification from the Secretary that the requirements of any applicable law or administrative procedure were met, and we reject petitioner's contention to the contrary. Prior to the Appeals Office hearing, the Appeals officer reviewed complete computer transcripts of petitioner's account and pro- vided petitioner with a literal transcript of account with respect to petitioner's taxable year 1998.  At the Appeals Office hearing, the Appeals officer relied on transcripts of peti- tioner's account with respect to petitioner's taxable year 1998. After the Appeals office hearing, respondent's representative provided petitioner with Form 4340 with respect to petitioner's taxable year 1998.  See Nestor v. Commissioner, 118 T.C. 162, 167 (2002).

Section 6330(c)(1) does not require the Appeals officer to rely on a particular document to satisfy the verification re- quirement imposed by that section.  Craig v. Commissioner, supra at 261-262.  Nor does section 6330(c)(1) require the Appeals officer to provide petitioner with a copy of the verification upon which the Appeals officer relied.  Id. at 262.  Transcripts

of account constitute valid verification that the requirements of any applicable law or administrative procedure have been met, see Roberts v. Commissioner, 118 T.C. 365, 371-372 n.10 (2002), as does Form 4340, Craig v. Commissioner, supra at 262.  Petitioner has not shown any irregularity in respondent's assessment procedure that would raise a question about the validity of the assessment or the information contained in the transcripts of account or Form 4340 with respect to petitioner's taxable year 1998.  We hold that the assessment with respect to petitioner's taxable year 1998 was valid and that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  See id.; Roberts v. Commissioner, supra.[2]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable year 1998.

---

[2]We shall not specifically address any additional matters, such as the following, which petitioner asserts in petitioner's response, all of which, as indicated above, the Court finds to be frivolous and/or groundless:

> d.   Since all valid assessments must emanate from a filed return, proof that such a "filed return" exists is another "relevant" issue that taxpayers can raise. If this issue is raised, then, obviously, it is incumbent upon the appeals officer to produce the return from which the claimed assessment was made - if this "relevant" issue is raised by the taxpayer - especially if it was raised on his request for a CDP hearing.

In respondent's motion, respondent requests that the Court require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.[3]

In the instant case, petitioner advances, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $2,000.

---

[3]The record in this case reflects that the Appeals officer gave petitioner a copy of the Court's opinion in Pierson v. Commissioner, 115 T.C. 576 (2000), and warned petitioner that the Court could impose penalties on petitioner for making frivolous arguments to the Court.

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

> An appropriate order granting respondent's motion and decision will be entered for respondent.